No. 24779.

THE PEOPLE OF THE STATE OF COLORADO *v.* STEVE CLARK AND DAVID GARDNER.

(476 P.2d 564)

Decided November 16, 1970.

STANLEY F. JOHNSON, District Attorney, RALPH S. JO-SEPHSOHN, Deputy, for plaintiff-appellee.

FRANCIS R. SALAZAR, for David Gardner, defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

GARDNER, hereinafter referred to as the defendant, is one of the two co-defendants in this case. This Interlocutory Appeal concerns issues related solely to Gardner.

The Boulder Police Department, through information received from an informer, "arranged" for a purchase of narcotic drugs. Two undercover officers agreed to meet co-defendant Clark and one Slifin to make the purchase. Clark and Slifin arrived at the pre-arranged corner. Undercover officers Lowell Newby and his brother parked across the street from them. Clark approached the car in which the officers were waiting and told them that a third party, David, had overslept and would have to be called. The call was made and the officers were told David would be there in a few minutes with the drugs. About five minutes later, a Volkswagen bus pulled up. Clark went to talk to the driver and returned. He gave

a bag to Officer Newby, and told him the pills inside were "good acid." Newby then placed Clark and Slifin under arrest.

At this time, and *by pre-arranged signal,* Newby flashed his brake lights to indicate to Detective Hensley and another officer hiding in a nearby garage that the deal was completed. These two officers approached the Volkswagen, and ordered the driver to come out. The driver proved to be the defendant. One of the officers placed defendant under arrest as soon as he exited from the Volkswagen. This officer testified that as the defendant stepped from the vehicle, he noticed that a package on the front seat was in plain view. He picked up the package, which later proved to contain additional quantities of illegal drugs.

At the hearing on the pre-trial motion to suppress, defendant's position was that this search was made without a warrant, and was therefore illegal. The trial judge ruled that taking the package was not in any way a seizure by the officers, but was in fact legal under the "plain view" rule. For purposes of this appeal, defendant now alleges as error the following points: (1) That the arresting officers had no probable cause to arrest defendant and therefore the ensuing confiscation of the package was illegal, and (2) since the arrest was illegal, the officers needed a search warrant to take anything out of the Volkswagen. Since we are of the opinion the arresting officers clearly had probable cause to arrest Gardner, we affirm and will not need to discuss the second point.

██ In his testimony at the pre-trial hearing, Detective Hensley was quite specific that the reason he and his partner were waiting in the garage was to await the signal from Officer Newby. The flashing of the brake lights by Newby was to indicate that the transaction had been completed. To say that Hensley did not have probable cause to arrest any party in the Volkswagen would be to fly in the face of logic. Hensley had reason to be-

lieve that the deal to sell drugs had been completed. He knew that the items sold had been retrieved by Clark from whomever was in the Volkswagen. We have often held that probable cause is a matter of everyday, practical considerations upon which reasonable and prudent men act. *People v. Collman,* 172 Colo. 238, 471 P.2d 421. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. We are of the opinion that under facts and circumstances present here, a man of reasonable caution would be warranted in the belief that the occupant of the Volkswagen, who was the defendant, had committed an offense and the arrest was therefore upon probable cause.

■■ With this being our view of the arrest, it is evident that any package in plain view after defendant exited from the car may properly be used in evidence against defendant. *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957; *Alire v. People,* 157 Colo. 103, 402 P.2d 610. But even if there was a search here, the arrest being legal, the search was not violative of the State and Federal constitutions regarding unreasonable search and seizure under the doctrine recently announced in *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, with respect to searches of automobiles. Here, as in *Chambers, supra,* the circumstances justifying the arrest are also those furnishing probable cause for the search.

The ruling is affirmed.