No. 24940.

People of the State of Colorado *v*. Leonard Teague and James Hoskins.

(476 P.2d 751)

Decided November 16, 1970.

Robert R. Gallagher, Jr., District Attorney, for plaintiff-appellee.

Charles E. McCarthy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS Interlocutory Appeal is brought on behalf of Leonard Teague and James Hoskins from an order denying suppression of evidence seized at the time of their arrest. They will be referred to as the defendants or by name where necessary.

At 4:30 a.m. on April 9, 1970, Town Marshal Thelan of Hugo, Colorado was on patrol. From his position, he could observe all traffic coming into town on Highway 109. He noticed defendants' truck about two blocks away, but had not seen the defendants drive into town. When the truck ran a stop sign, Marshal Thelan ordered it to be pulled over. He noticed that the truck had license plates from another county, and that it had a power endgate. He knew from personal knowledge that two burglaries had taken place in the past two years at an electric company in the area from which defendants had come.

Defendant Teague, who was driving the truck, got out and came back to meet Thelan. Thelan asked to see his driver's license and registration which Teague produced. Thelan then, as was his practice when he stopped a vehicle, went to check the safety inspection sticker.

As he walked towards the front of the truck to do so, Thelan shone his flashlight into the bed of the truck through a crack between the tailgate and the bed. He immediately noticed copper wiring along with several power transformers. He asked Teague where he had gotten them, and was told they were purchased, but that Teague did not remember where. He then approached Hoskins in the passenger seat from whom he got the same response. Marshal Thelan then explained to both defendants that he was going to let them go, but would himself go to the K. C. Electric Co. and determine if it had been burglarized.

A short inspection of the electric company indicated

that there in fact had been a burglary, whereupon Thelan radioed for help and finally apprehended the defendants. At this time they were placed under arrest.

Defendants raise three points of error on this appeal, namely: (1) that the Marshal had no probable cause to stop them; (2) that the Marshal, having stopped them without probable cause, cannot now be heard to say he discovered this evidence by casual observation; and (3) that any evidence obtained by casual observation is admissible only if the officer had a legal right to be where he was. We find no error, and affirm.

Marshal Thelan specifically testified that the truck in which the defendants were riding failed to stop for a stop sign. This testimony was in no way contradicted at the hearing. Certainly, this gave the Marshal probable cause to stop the defendants. After being satisfied that defendant Teague had a driver's license and registration, Thelan walked towards the front of the truck to check for a valid inspection sticker, which is certainly proper police procedure.

Did the shining of the flashlight into the truck as he walked by constitute an illegal search by the Marshal? Under the circumstances here, we hold that it did not. In *Alire v. People,* 157 Colo. 103, 402 P.2d 610, we held that when a police officer had properly stopped a car for careless driving, that officer had every right to look into the car, and seize anything that is contraband. We held such an inspection to be protected by the plain view rule. *See also People v. Renfrow,* 172 Colo. 399, 473 P.2d 957. As Thelan had a legal right to walk by the truck, shining his flashlight into the bed through a crack cannot be said to constitute an intrusion on the rights of the defendants. Without an intrusion onto the person or property of the defendants, there was no search at all.

Having legally seen the goods he suspected to have been stolen, Marshal Thelan nonetheless let the defendants go while he confirmed his belief. His personal inspection of the electric company involved confirmed that

a burglary had taken place. With this additional knowledge, Thelan pursued and caught the defendants and placed them under arrest. At no point in these events did Thelan in any way intrude on defendants' constitutional rights.

The ruling is affirmed.