## No. 25075.

### THE PEOPLE OF THE STATE OF COLORADO *v.*
### MICHAEL R. OLSON.
(485 P.2d 891)

Decided June 14, 1971.

DAVID L. WOOD, District Attorney, L. DUANE WOODARD, Deputy, for plaintiff-appellee.

RONALD H. STRAHLE, DONALD J. WEINLAND, for defendant-appellant.

*En Banc.*

. MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal for review of a trial court ruling denying a motion to suppress certain evidence seized by the police prior to and pursuant to a warrantless arrest for possession of marijuana. The evidence sought to be suppressed was a water pipe, a roach clip, and a bag of marijuana. We affirm the ruling of the trial court with respect to the bag of marijuana but reverse the ruling as it pertains to the water pipe and roach clip.

While on routine patrol between 6:00 and 6:30 p.m. on November 29, 1970, Officer Jordan of the Fort Collins police department noticed a parked car in downtown Fort Collins, containing one female and two male youths. As Jordan passed the car, he noticed that the three occupants stared at him, and his suspicion was aroused. He drove around the block and stopped behind the car. By this time the occupants of the car had gone.

Jordan left his patrol car to inspect the suspected vehicle. As he approached the vehicle, he smelled marijuana smoke. He opened the door of the car to make sure the odor was coming from that car. His suspicion was confirmed.

The only place of business in the immediate vicinity was a tavern across the street from the vehicle. Officer Jordan went into the tavern and saw the three suspects at the bar, drinking beer. Officer Jordan then arrested them for possession of marijuana.

Jordan radioed for assistance, and Officer Halls and Sergeant Mason, also of the Fort Collins police department, responded. Mason and Jordan searched the two male suspects but found no narcotics in their possession. After requesting that the suspects' car be inventoried and impounded, Officer Jordan took the three suspects to the police station.

Officer Halls and Mason then began inspecting the vehicle. Noting that the trunk and glove compartment were locked, Halls went to the police station and obtained the key from the female suspect. He returned to the car, and marijuana was found in both the trunk and glove box. The car was then towed away and impounded.

At the station, the three suspects were advised of their rights and questioned. The female suspect stated that the vehicle in question was owned by her boyfriend. A check was run on the license number, and ownership was determined to be in the defendant's name.

Halls and Bates, a narcotics investigator, went to the defendant's home. They parked in the rear of the house

and Bates went to the front door and knocked. He was admitted and he thereupon arrested the defendant. In the meantime, Officer Halls had arrested another young man in the backyard. He brought this man back into the house by the back door, and they were met in the kitchen by Bates and the defendant. There, in open view, Bates observed the water pipe and roach clip, also sought to be suppressed in this case.

As a consequence of the foregoing events, defendant Olson was arrested and was charged by information in the district court with the felony offense of unlawful possession of a narcotic drug, cannabis sativa L.

I.

The trial court ruled that there was probable cause for the warrantless arrest of the three occupants of the vehicle in question and that the search of the vehicle was valid as an incident to such arrest. We agree.

The facts and circumstances within the knowledge of police Officer Jordan, as shown by the record, justified the trial court's conclusion that a reasonably cautious and prudent police officer would have reasonable grounds to believe that an offense had been committed for which an arrest could then be made without a warrant. The combination of the suspicious demeanor of the three occupants of the vehicle and the subsequent odor of marijuana emanating from within the car moments after the occupants had exited was a sufficient basis upon which to predicate probable cause for the belief that the offense of possession of marijuana had been recently committed. *Fernandez v. United States,* 321 F.2d 283; *People v. Newman,* 14 Cal. App. 3d 246, 92 Cal. Rptr. 205; *People v. Christensen,* 2 Cal. App. 3d 546, 83 Cal. Rptr. 17; *People v. Erb,* 128 Ill. App. 2d 126, 261 N.E.2d 431. The search of the vehicle, which was made substantially contemporaneously with the arrest, was permissible as an incident to such arrest. *Chambers v. Maroney,* 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419; *People v. Mojo,* 173 Colo. 422, 480 P.2d 571; *People v.*

*Clark,* 173 Colo. 129, 476 P.2d 564. Additionally, as was stated in *People v. Clark, supra,* the circumstances justiflying the arrest are also those furnishing probable cause to search the vehicle for the contraband.

In *People v. Christensen, supra,* the court stated:

"* * * The odor of burning marijuana also afforded probable cause to believe the car contained contraband, a circumstance which would justify a warrantless search of the car even if cause to arrest had been absent. [Citing cases.] Having smelled the burning marijuana in the car, the officers were justified in searching it. * * *"

*See also Fernandez v. United States, supra.* It follows, therefore, that the trial court was correct in denying the motion to suppress the marijuana which was found as a result of the search of the vehicle.

We do not here rule upon the competency, materiality and relevancy of this evidence in the trial of the substantive charge. Such determination of admissibility is for the trial court at the time when the evidence may be offered by the people.

## II.

Concerning the water pipe and the roach clip,[1] justification for the trial court's ruling must be found in the warrantless arrest of Olson. If there was no probable cause, then the "plain view" seizure must fail and the suppression of the narcotics paraphernalia should have been granted.

 The only circumstance to tie Olson to the unlawful conduct of the three occupants of Olson's car was his ownership of the vehicle. He was not a participant in the alleged unlawful conduct which gave rise to the initial arrests, which in turn justified the search of the vehicle. None of the three occupants gave any statements

---

[1] For a better understanding of the terms, the specialist in narcotics investigation testified that a "water pipe" is a narcotic paraphernalia used as a pipe to cool the smoke drawn from the marijuana, which burns at an intensively high temperature. A "roach clip" is a mechanical device used for holding a "roach" or "joint" (marijuana cigarette) so it can be smoked down to a very small end without exposing the user to the hazard of burning his fingers.

implicating Olson with that transaction or with the marijuana that was recovered from the car. The officers must have had not only probable cause to believe an offense had been committed, but also that the person to be arrested had committed it. *People v. Navran,* 174 Colo. 222, 483 P.2d 228. Here, Officer Bates could only surmise that the marijuana found in the car belonged to Olson. He had no other facts upon which to connect Olson with the marijuana. Mere suspicion does not justify a warrantless arrest. *People v. Nanes,* 174 Colo. 294, 483 P.2d 958; *Falgout v. People,* 170 Colo. 32, 459 P.2d 572.

█ The facts and circumstances concerning Olson, not having risen to the dignity of probable cause, did not justify his arrest under the circumstances of this case, and the water pipe and roach clip seized during that arrest should have been suppressed as evidence by the trial court.

The ruling denying defendant's motion to suppress the marijuana evidence is affirmed. The ruling denying defendant's motion to suppress the water pipe and roach clip evidence is reversed.