## No. 25149.

THE PEOPLE OF THE STATE OF COLORADO *v.* JOE RUDY VIGIL, ALSO KNOWN AS RUDY VIGIL, AND JAMES CIRIACIO BRAVO.
(489 P.2d 593)

Decided August 23, 1971.

CARL PARLAPIANO, District Attorney for Tenth Judicial District, ALLAN R. COOTER, Deputy, for plaintiff-appellant.

ROLLIE R. ROGERS, State Public Defender, DAROL C. BIDDLE, Deputy, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an interlocutory appeal for review of a trial court ruling granting defendants Joe Rudy Vigil and James Bravo's motion to suppress as evidence quantities of narcotic drugs and associated implements seized during a search of Vigil's residence.

The facts, briefly, are as follows: Officers of the Pueblo Colorado Police Department went to Unit #5 of the Ramona Motel for the admitted purpose of contacting the occupant, the defendant Vigil, who was a suspect in a matter involving a theft and attempted cashing of a check. The People admit that the officers did not have probable cause to arrest the defendant for these charges, but merely wanted to question him concerning his possible involvement. Upon arrival at the motel, the officers went to Unit #5, knocked once or twice on the front door. When defendant looked through the front window, one of the officers called out his name — "Rudy." When the door was opened, the officers noticed smoke and a strong odor, which was identical to what had been identified in training sessions and through their experience in previous cases as that of burning marijuana. The two officers, uninvited, stepped past the defendant into the room and observed two ladies and the defendant Bravo in the room, with one of the ladies trying to light some incense. At this time the defendants were placed under arrest, for investigation of the illegal possession and use of narcotic drugs (marijuana).

One of the officers testified at the hearing on the motion to suppress that upon entering the room he saw an ash tray sitting on the floor with some cigarette papers nearby and a waste basket just out of the doorway between the kitchen and the front room. He looked into both the ash tray and the waste basket and observed some green flaky leafy material which he suspected to be marijuana. The contents of the ash tray and waste basket were seized at this time, and this information, along with a recital of the other facts detailed above, was used to form the basis for an affidavit upon which a warrant to search the premises was subsequently issued. About one hour following the initial intrusion, the premises were searched pursuant to the warrant. Additional suspected narcotic and associated implements and paraphernalia were seized.

In granting the defendants' motion to suppress, the trial court held *inter alia* that while the officers had the right, in the course of their investigation of the theft and check offenses, to go to the premises and question the defendant Vigil, the smoke and odor observed when the door was opened was not sufficient to establish probable cause either to arrest the defendant or to search the premises. Accordingly, the court ordered that the evidence seized as a result of the two searches made at the premises, as well as any evidence obtained as a result of the search made of the defendants at the police station, be suppressed. We reverse this ruling.

I.

We turn first to the question of whether there was probable cause to arrest the defendant Vigil when he opened the door, releasing smoke and an odor which the officers associated with that of burning marijuana. In making its decision, the court below did not have the benefit of our very recent case of *People v. Olsen,* 175 Colo. 140, 485 P.2d 891 (1971), wherein we held:

"The facts and circumstances within the knowledge of

police officer Jordan, as shown by the record, justified the trial court's conclusion that a reasonably cautious and prudent police officer would have reasonable grounds to believe that an offense had been committed for which an arrest could then be made without a warrant. *The combination of the suspicious demeanor of the three occupants of the vehicle and the subsequent odor of marijuana emanating from within the car moments after the occupants had exited was a sufficient basis upon which to predicate probable cause for the belief that the offense of possession of marijuana had been recently committed.* (Citing cases.) *Id.* (Emphasis added.) *See also Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

▮ In the instant case, we conclude that the strong odor of burning marijuana, and the smoke emerging from the doorway to Vigil's residence, was sufficient to constitute probable cause for his arrest on the illegal possession and use charge. *See U.S. v. King,* 305 F.Supp. 630 (1969); *People v. Erb,* 128 Ill.App.2d 126, 261 N.E.2d 431 (1970).

II.

▮ We next turn to the question of whether the officers were justified in entering Vigil's residence. The defendants in their brief in support of the ruling by the trial court assert that it is well established that officers who plan to enter premises to conduct a search must obtain a search warrant for a legitimate entry whenever reasonably practical even if the officers have probable cause for the search. *See, e.g., Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961); *Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); *Taylor v. United States,* 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932). However, among the well recognized exceptions to the general rule requiring search warrants are searches conducted as incidents of lawful arrests, whether with or without an arrest warrant. As expressed by the Supreme Court:

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. * * * *This right to search and seize without a search warrant extends to things under the accused's immediate control, * * * and, to an extent depending on the circumstances of the case, to the place where he is arrested. * * * The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime* — things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. * * * *" Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). (Emphasis added.)

Also, in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Court said:

"There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'— *construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Id.* (Emphasis added.) *See also, Hernandez v. People,* 153 Colo. 316, 385 P.2d 996 (1963); *Roybal v. People,* 166 Colo. 541, 444 P.2d 875 (1968).

■ In the instant case, the facts related above reveal that after observing the smoke and identifying the odor as that of burning marijuana, the officers entered the room and arrested the defendants. Both the ash tray and its contents and the waste paper basket and its contents were located within easy reach of either or both of the defendants. We conclude that the contents of these containers were within that area over which the defendants exercised "immediate control" and therefore the seizure was properly within the scope of a legitimate "search incident to an arrest." Therefore,

there was no error in utilizing the evidence thus recovered to assist in establishing probable cause for the issuance of a search warrant for the premises in question.

### III.

The third question presented is whether there was sufficient evidence to justify the arrest of the defendant Bravo. When the officers entered the room, Bravo was seen standing in the center with two females, one of the latter of whom was attempting to light some incense. All three were immediately also placed under arrest. We have previously held that a conviction for the unlawful use and/or possession of marijuana may be predicated upon circumstantial evidence. *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968); *Mickens v. People,* 148 Colo. 237, 365 P.2d 679 (1961). Further, a conviction of illegal possession may also be based upon evidence that the marijuana, while not found on the person of the defendant, was at a place at least partially under his dominion and control. *Duran v. People,* 145 Colo. 563, 360 P.2d 132 (1961); *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508 (1963). Of course, possession need not be exclusive and the substance may be possessed jointly by a person and another without a showing that the person had actual physical control thereof. *Gallegos v. People,* 139 Colo. 166, 337 P.2d 961 (1959).

Viewing the totality of the circumstances surrounding the arrest of the defendant Bravo, we conclude that the facts and circumstances within the knowledge of the officers were such that a man of "reasonable caution" would be warranted in the belief that he had committed an offense. *See Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965) and the cases cited therein.

Other arguments by defendants-appellees have been noted and are without merit. The order granting the defendants' motion to suppress is reversed in all particulars.

MR. JUSTICE HODGES not participating.