## No. 26121

**Oney Vigil v. Motor Vehicle Division of the Department of Revenue of the State of Colorado**
(519 P.2d 332)

Decided February 11, 1974.

144

Eugene Deikman, for plaintiff-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, James K. Tarpey, Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Several aspects of the implied consent law are challenged in this appeal. The implied consent law in brief states that any person who drives a motor vehicle upon the public highway is deemed to have given his consent to a chemical test to determine the alcoholic content of his blood when he is arrested on the charge of driving while under the influence of alcohol. If he refuses to take the test, the department of revenue will notify him that he must appear at a hearing to show cause why his driver's license should not be revoked for a period of six months. 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3).

Appellant Vigil was arrested on the charge of driving a motor vehicle while under the influence of alcohol. Pursuant to the implied consent law, he was advised orally and in writing of the provisions of the implied consent law and the consequences of his refusal to submit to a test. Vigil refused the test and this fact was reported to the department of revenue. He was thereupon notified of a hearing, after which his license was revoked for a period of six months. He sought judicial review of the order of revocation in the district court

which entered a judgment affirming it. From this judgment, appellant Vigil appeals.

It is contended by the appellant that the advisement by the arresting officer was insufficient and that the implied consent law unconstitutionally places the burden of proof on the licensee at the revocation hearing. We do not agree with these contentions and therefore the judgment of the district court is affirmed.

## I.

Vigil does not argue that constitutional due process requires that the advisement form must inform the licensee of the probable consequences of the failure to take the test. In fact, we note that other jurisdictions have upheld implied consent statutes which provided for no warning. *See Anderson v. MacDuff,* 208 Misc. 271, 143 N.Y.S.2d 257 (1955); *Hazlett v. Motor Vehicle Dept.,* 195 Kan. 439, 407 P.2d 551 (1965).

The requirements of due process in relation to the warnings are satisfied by the notice which is given licensees through publication of the statutes. A licensee to operate a motor vehicle on public highways is presumed to know the law regarding his use of the public highways. *See Stauffer v. Weedlun,* 188 Neb. 105, 195 N.W.2d 218 (1972). *See also* 31A C.J.S. *Evidence* § 132 and 29 Am. Jur. 2d *Evidence* § 222.

The implied consent law, however, gives rights which are greater than those required by due process. It specifically provides that at the time of the request to take the test, the officer shall inform the licensee orally and in writing "of his rights under the law and the probable consequences of refusal to submit to such a test."

The portion of the advisement form pertinent to the issue here is contained in paragraph 5 as follows:

"You are advised that, if you choose to refuse to submit to a chemical test as requested by the arresting officer the test will not be given; provided further, that the Department of Revenue, upon receipt of a written report from the arresting officer stating your refusal, shall serve notice upon you to

appear before the Department of Revenue and show cause why your privilege to operate a motor vehicle within this state should not be revoked for a period of six months."

'It is not disputed that Vigil was informed orally and in writing of the matters specifically referred to in the above quoted paragraph 5 of the advisement form. The narrow issue is whether this advisement complies fully with the requirements that he be advised of "the probable consequences of refusal to submit to such a test."

Vigil basically argues that the advisement is insufficient because it gave him the false hope that at the hearing he would be able to prevent the revocation of his license by showing either (1) hardship, (for example, that driving is essential to his job); (2) an excellent past driving record; or (3) dismissal of the charges of driving under the influence.

■ The advisement form does not state that the licensee may present any of these defenses nor does the implied consent law envisage that such matters may be shown to block revocation. The only valid justifications in the implied consent law for refusing the test are either that it was medically inadvisable for the licensee or that the test would not be given in compliance with proper health standards.

Vigil also argues that since there are very few licensees whose condition would make it medically inadvisable to take either a blood, breath or urine test and further, since the tests normally are given in compliance with health standards, there are actually no issues left open for debate at the hearing. Therefore, because the hearing is merely pro forma, the sole consequence of refusing the test is revocation, and it is therefore misleading to tell the licensee that he will be given a hearing.

■ We believe, however, that the hearing serves at least two other important functions. First, reasonable grounds to believe that the licensee was driving while under the influence of alcohol must be established. This is to insure that licensees are not indiscriminately asked to take the tests. Secondly, the hearing provides an opportunity to determine whether a request to take the tests was in fact made of the licensee,

whether the request was made as provided by statute, and whether the request was in fact refused. *See* 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(e).

We hold that the implied consent law requires that the licensee be informed of both the hearing and the possibility of the revocation of the license. The advisement utilized here performed this function, and was therefore sufficient under the law.

## II.

Defendant Vigil maintains that the implied consent law places the burden of proof unconstitutionally upon the licensee at the revocation hearing. We hold that the burden of proof is not placed upon the licensee and we thus do not reach the constitutional argument.

Upon receipt of a report from the arresting officer that a licensee has refused the tests, the department of revenue is required to serve notice upon the licensee "to appear before the department and to show cause why his license to operate a motor vehicle . . . should not be revoked." 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(e).

Defendant Vigil argues that the above language casts the burden of proof at the hearing upon the driver. We do not agree. An order to show cause is an alternative method of serving process on the defendant. The department sends notice to the licensee of the hearing. The defendant is not required to submit a written answer under the statute. Rather, he is requested to appear at the hearing and respond if he wishes to contest the allegation that he refused to take a test. Similar to a complaint, the order to show cause requires a response in order to avoid a judgment by default. However, once the licensee appears at the hearing, the order to show cause has no impact by itself on who has the burden of proof.

1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(e) further provides that "if reasonable grounds [to believe that the defendant was driving a motor vehicle while under the influence of, or impaired by, alcohol] are established and said person is unable to submit evidence" on certain specified

issues, then "the department shall forthwith revoke said person's license to operate a motor vehicle."

We hold that this statutory language does not shift the burden of proof to the licensee on the specified issues. The statute creates a presumption which shifts the burden of producing evidence to the licensee on those presumed facts. The licensee is required to submit sufficient evidence which taken by itself could support the licensee's position. Once the licensee has produced that degree of evidence, it becomes incumbent in this type of proceeding for the motor vehicle division to present evidence to sustain its burden of proof. *See McCormick on Evidence* § 345 (2nd Ed. 1972). The statutory presumption avoids the needless presentation of evidence by the department of revenue on issues on which there is no serious dispute.

The judgment is affirmed.

MR. JUSTICE GROVES dissents.

MR. JUSTICE GROVES dissenting:

I respectfully dissent.

The defendant was advised that, upon refusal to take the test, there would be a hearing at which he might show cause why his license should not be revoked. From this he could logically conclude that he could show cause with situations such as dismissal or acquittal of the driving under the influence charge. To assure due process the advisement should show the extremely limited area in which cause may be shown.