No. 26191

Robert Stewart Stream v. John H. Heckers, Executive Director of Revenue, and the Department of Revenue, Hearing Section, State of Colorado

(519 P.2d 336)

Decided February 11, 1974.          Rehearing denied March 18, 1974.

Bernard D. Morley, William J. Graveley, for plaintiff-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Dennis J. Sousa, Special Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellant Stream's driver's license was revoked by order of the appellee department of revenue pursuant to the implied consent law. On review by the district court, the order of revocation was affirmed. Appellant urges several grounds for reversal on this appeal. None are meritorious and we therefore affirm the judgment of the district court.

The implied consent law in brief states that any person who drives a motor vehicle upon the public highway is deemed to have given his consent to a chemical test to determine the alcoholic content of his blood when he is arrested on the charge of driving while under the influence of alcohol. If he refuses to take the test, the department of revenue will notify him that he must appear at a hearing to show cause why his driver's license should not be revoked for a period of six months. 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3).

After appellant Stream changed lanes sharply and crossed a double yellow line late at night, he was stopped by a deputy sheriff. He was asked to perform a series of roadside sobriety tests which he failed. The officer then arrested Stream. At the sheriff's office, he was given the advisement required by the implied consent law. He refused to allow any of the chemical sobriety tests to be taken to determine the amount of alcohol in his blood.

The arresting officer informed the department of revenue of Stream's refusal to take any of the tests. After a hearing, the department of revenue revoked Stream's license for six months.

## I.

The appellant argues that certain findings of the department of revenue are arbitrary and capricious and therefore the revocation of his driver's license should be invalidated. 1969 Perm. Supp., C.R.S. 1963, 3-16-5(7) allows an appellate court to set aside an agency decision which is "based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole . . .".

Specifically, Stream argues that there was not substantial evidence to support three of the findings upon which the department of revenue premised its order of revocation. After reviewing this record, we agree with the district court's holding that there was sufficient evidence to support these findings.

## II.

Appellant Stream next contends that the district court erred in not allowing new evidence to be introduced in the review proceedings before that court. 1969 Perm. Supp., C.R.S. 1963, 3-16-5(6) and (7) limit review by the district court to the record compiled by the agency. (There are exceptions but they are not pertinent to this case). The district court, therefore, properly refused to permit the introduction of new evidence.

## III.

Stream claims that the department of revenue hearing was held in violation of the statutorily required separation of the judicial and executive functions. 1969 Perm. Supp., C.R.S. 1963, 3-16-4(6) provides:

"No person engaged in conducting a hearing or participating in a decision or an initial decision shall be responsible to or subject to the supervision or direction of any officer, employee, or agents engaged in the performance of investigatory or prosecuting functions for the agency."

Stream argues that the hearing examiner also assumed the role of the prosecutor. The above statute, however, is specifically designed to cover the situation where there is a prosecutor and a hearing examiner. In this case, the hearing examiner conducted the hearing without any prosecutor. The thrust of the appellant's argument here seems to be that the statute was violated because in the absence of a prosecutor, the hearing examiner took such an active role in the questioning of the witnesses that he lost his objectivity.

Because there was no prosecutor, the hearing examiner undoubtedly asked more questions of the witnesses than he would have had a prosecutor been present. It is to be noted that the appellant was represented by an attorney at the department of revenue hearing and therefore, there was not as great a need for the examiner to bring out the defendant's side of the case as it would be if the defendant were unrepresented. From an examination of this record, we cannot detect any basis for saying that the hearing examiner was not objective, or that this hearing was conducted in violation of 1969 Perm. Supp., C.R.S. 1963, 3-16-4(6).

IV.

The appellant states that constitutional due process requires two independent determinations of probable cause: (a) probable cause for the deputy sheriff to stop the appellant's car and (b) probable cause to believe that he was intoxicated and thus subject to the implied consent law. The appellant thus argues that there was insufficient justification for originally stopping his car. Therefore, the evidence which was seized after the initial stop was obtained in violation of the Fourth Amendment. Under the exclusionary rule, evidence which is seized in violation of the Fourth Amendment is inadmissible as evidence at the trial of an accused. Likewise, it is inadmissible at an administrative hearing, claims the appellant. Once the record is stripped of the inadmissible evidence, according to the appellant, there is not sufficient evidence to support a finding that the deputy sheriff had "reasonable grounds" to believe that the appellant was under the influence of intoxicating liquor.

We hold that the appellant's erratic driving behavior constituted sufficient probable cause to stop his car. *See People v. Teague,* 173 Colo. 120, 476 P.2d 751 (1970).

### V.

The appellant maintains that the statute unconstitutionally shifts the burden of proof to the licensee. This argument is discussed in *Vigil v. Motor Vehicle Division,* 184 Colo. 142, 519 P.2d 332, contemporaneously announced with this opinion. On the same basis as in *Vigil,* we reject this argument.

### VI.

Stream next argues that a search warrant should be required prior to taking the tests. We have already considered and rejected this argument in *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971).

The remaining arguments for reversal have no merit and require no discussion.

The judgment of the district court is affirmed.

MR. JUSTICE GROVES dissents.

MR. JUSTICE GROVES dissenting:

I dissent for the reason expressed in my dissent in *Vigil v. Motor Vehicle Division,* 184 Colo. 142, 519 P.2d 332, contemporaneously announced with this opinion.