No. 26622

**The People of the State of Colorado v. Gary Dean Shriver**
(528 P.2d 242)

Decided November 4, 1974. Concurring opinion modified and as modified rehearing denied November 18, 1974.

Nolan L. Brown, District Attorney, T. W. Norman, Deputy, for plaintiff-appellant.

James B. Radetsky, M. Edward Burns, Jr., David A. Fogel, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal from an order granting defendant's motion to suppress the introduction of marijuana in evidence. We reverse.

■■ On the evening of March 26, 1974, agent Hutchins of the Lakewood Department of Public Safety was on routine patrol. Between 8:00 and 8:30 p.m. he drove into a parking lot at the rear of a bowling alley. It was dark. He noticed that two persons were sitting in a white van which was parked in the lot. He walked to the driver's side of the van and asked the two men sitting inside to produce their drivers' licenses, which they did. Defendant was one of the occupants of the van and was sitting behind the steering wheel.

Staying completely outside the vehicle, Hutchins flashed his light inside and saw some grassy or leafy-type debris on the dashboard, a plastic vial containing leafy material on the open glove compartment door and several roach clips. He smelled the odor of burning marijuana. At his request the men emerged from the vehicle and, as the defendant emerged, Hutchins saw a baggie protruding from under the seat. He searched the car and found nothing more, and did not find the cause of the marijuana odor.

Hutchins had no reason to suspect anything in connection with the van. He did know of reports of theft of stereo tape decks and other items from cars parked in the lot.

The district court ruled that the marijuana was inadmissible under *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971). There it was said that an officer might temporarily detain an individual for questioning if (1) the officer had a reasonable suspicion that the individual had committed, or was about to commit a crime; (2) the purpose of the detention was reasonable; and (3) the character of the detention was reasonable when considered in the light of the purpose. The trial court found that requirement (1) was not met and that Hutchins had no reason to inspect the drivers' licenses.

Here, in their briefs, both parties argued as to whether the officer had a right to look at the drivers' licenses. Both parties cited *Stone* and *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as either favorable or not unfavorable. All cases cited were those involving stops and detentions, as was the case in *Stone* and *Terry.*

It occurred to us that the request to examine the drivers' licenses was a red herring. We thought and still think that whether or not the officer asked to inspect the drivers' licenses was immaterial. Since he had not stopped the defendant, the question was rather: Did he have a right to approach and flash his light into the car? If so, articles appearing to be contraband being in "plain view," the arrest and search were justified. *Alire v. People,* 157 Colo. 103, 402 P.2d 610 (1965). We, therefore, asked the parties to submit additional briefs of the law under a hypothetical situation, the same as here, but with no request to inspect, and no inspection of, the drivers' licenses.

No case has been cited which stands for the proposition that he did not have the right to go up to the van and, from the outside, flash the light inside. Such being the posture of the law presented to us, we rule that the motion to suppress should be denied.

In *People v. Teague,* 173 Colo. 120, 476 P.2d 751 (1970), a town marshall flashed his light into the bed of a truck through a crack below the tailgate and saw stolen articles in plain view. Mr. Chief Justice Pringle wrote:

"As [the marshall] had a legal right to walk by the truck, shining his flashlight into the bed through a crack cannot be said to constitute an intrusion on the rights of the defendants. Without an intrusion onto the person or property of defendants, there was no search at all."

We see no distinction in the instant case. *See People v. Ramey,* 174 Colo. 250, 483 P.2d 374 (1971).

The ruling is reversed and the cause remanded with directions to overrule the motion to suppress.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE HODGES does not participate.

408

MR. JUSTICE ERICKSON concurring in the result:

In my opinion, the trial court erred in granting Shriver's motion to suppress the evidence which the police seized from the interior of his car, but for reasons which differ from those set forth in the majority opinion. In my view, our ruling should be predicated upon the concept of privacy enunciated in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

In *Katz,* the Supreme Court concluded that the police activity constitutes a search within the meaning of the Fourth Amendment only if it violates the defendant's justifiable expectations of privacy. A necessary corollary to this principle is that "visual detection by an officer stationed in a place where he has a right to be does not constitute a search." *United States v. Hanahan,* 442 F.2d 649 (7th Cir. 1971); *Air Pollution Variance Board v. Western Alfalfa Corp.,* 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974).

In this case, the automobile was parked in a public parking lot. Accordingly, no restriction is imposed on the officer who patrols the area which would cause him to close his eyes to activity in the area. Since the automobile was in a public place for all to observe, the occupants could not expect their activity to go unnoticed. The police officer in this case could look into the car and properly seize the contraband which was in plain view. Moreover, the fact that he utilized a flashlight to observe the objects which he eventually seized does not require a different result. *United States v. Mallides,* 473 F.2d 859 (9th Cir. 1973); *United States v. Hanahan, supra.*

The absence of a right to claim a violation of the right of privacy, coupled with the reasonablenss of the police action, dictate the result reached by the majority. *See Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); *Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948).