## No. 25907

### The People of the State of Colorado v. Edmund A. Fratus
(528 P.2d 392)

Decided November 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant Fratus was charged and convicted of possession of more than one-half ounce of a narcotic drug, to-wit: marijuana. C.R.S. 1963, 48-5-2. The defendant asserts, as his primary ground for reversal, that the trial court erred in denying the de-

fendant's motion to suppress. He alleges that probable cause did not exist for his arrest or to search his automobile, and that the police were required to obtain an arrest warrant and a search warrant. We affirm.

On July 10, 1972, Deputy Sheriff Claussen was provided with information by a confidential, reliable informant. The informant told the deputy that he had purchased marijuana from Fratus in front of the premises at 1021 Main Street, Grand Junction, Colorado. The informant also provided a description of the car used by Fratus, identified the car by license number, and said that the car contained the marijuana which Fratus was selling. He additionally described Fratus and told the deputy that Fratus would be leaving Colorado to go to Arizona that night. The deputy, based on the facts provided by the informant, placed the premises at 1021 Main Street under surveillance. In the course of three-and-a-half hours of surveillance, the deputy saw several people come to the house and then leave and saw Fratus make two or three trips to the car parked in front of the house which the informant had described. On each occasion, Fratus went to the car, opened the trunk, removed a small paper bag, returned to the house, and immediately thereafter the people would leave.

At approximately 10:30 p.m., Fratus left the house and began driving east in his car. The deputy notified other police units and effected an arrest of Fratus before he left Grand Junction. A search was made of the trunk and the interior of the automobile, and eleven pounds of marijuana were found.

▮ The posture of the case before us is that the defendant's Fourth Amendment claims have been reviewed at a preliminary hearing and prior to trial. Central to the suppression issue is the question of probable cause to arrest and to effect a search without a warrant under the circumstances of this case. Again, we must measure probable cause which is based upon information provided by a confidential informant by the two-prong test articulated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See* Moylan, *Hearsay and Probable Cause: An Aguilar and Spinelli Primer,* 25 Mercer L. Rev. 741 (1974).

■ In the instant case, the two-prong test was made by setting forth the underlying circumstances which established that the informant had a basis in fact for stating that narcotics were at a particular place and also provided facts which supported the reliability of the informant. *People v.Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971). Of particular significance is the fact that the informant purchased marijuana from the defendant which was taken from the trunk of the defendant's car. The deputy reenforced the information which he obtained from the informant with his surveillance. The deputy's observation verified each statement which the informant made. The failure of the deputy to obtain a warrant is justified under the facts of this case. *Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). *See* LaFave, *Warrantless Searches and the Supreme Court: Further Ventures Into the "Quagmire,"* 8 Crim. L. Bull. 9 (1972).

■ Probable cause is the touchstone for measuring the right to arrest without a warrant. The circumstances in each case must be considered to determine the reasonableness of police action and the existence of probable cause. Moreover, the scope of the search which was conducted as incident to the arrest, and the right to search the automobile which Fratus was driving, must be examined in the light of the factual information which was in the hands of the police. The facts of this case provide the officers with probable cause to make the arrest and to search the automobile driven by Fratus. *People v. Olson,* 175 Colo. 140, 485 P.2d 891 (1971); *People v. Clark,* 173 Colo. 129, 476 P.2d 564 (1970).

■ Claussen, on the basis of the information available to him, had reason to believe that the car in question was being used for storing the marijuana which was being sold by Fratus. His observations buttressed the information provided by the informant and indicated that the cache of marijuana was in the trunk of the Fratus car. The search which the police made was conducted contemporaneously and as an incident to the arrest of Fratus. *See Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); *United States v. Berryhill,* 445 F.2d 1189 (9th Cir. 1971).

The exigent circumstances which existed in this case, coupled with the use of an automobile in the commission of the crime, bring the facts in this case within the four corners of the holding in *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *Chambers* recognized the need for immediate police action when an automobile was being utilized to transport contraband. The mobility of an automobile has caused every search of an automobile to be tested on the basis of the facts and circumstances which preceded the search. *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Dyke v. Taylor Implement Co.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); *Preston v. United States, supra; Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). *See also, Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).

In the instant case, the deputy verified by his own observations the statements made by the informant and made a custodial arrest and search incident to the arrest based upon information which he had obtained and the exigent circumstances which existed. When Fratus attempted to use his automobile to leave the jurisdiction and probable cause existed to believe that the marijuana was in the automobile, the search of both Fratus and the automobile was properly conducted without a warrant.

Accordingly, we affirm the judgment of the trial court denying the motion to suppress.