## No. 26078

## The People of the State of Colorado v. James W. Haggart
(533 P.2d 488)

Decided March 31, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, Carol L. Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

James W. Haggart appeals a jury verdict finding him guilty of burglary. He contends the trial court erred by failing to suppress evidence seized in a get-away car and in refusing to grant a motion for a directed verdict of acquittal. We affirm.

The Mor-Valu Stamp store in La Junta was burglarized. There was a broken store window with blood nearby, and a pool of blood at the curb line. An eyewitness saw two individuals walk out of the store. He could not make a positive identification, but said he "was pretty sure" they were both men. He gave the police a license number and a description of the car in which they drove away. This information, as well as the fact that the person might be cut, was relayed by the police radio dispatcher.

A highway patrolman, who heard the dispatch, followed a vehicle which matched the report. He observed objects being thrown out of the window on the driver's side. These were retrieved and identified as a pocket watch and a wrist watch from the store. The defendant was driving when the patrolman stopped the car. The car owner was on the passenger seat and was observed to have a cut wrist, which was bleeding profusely. The two men were detained by the patrolman until the arrival of the La Junta city police officer who had investigated the store break-in. The latter placed the defendant Haggart and his accomplice under arrest. He also opened the trunk of the car, and found another wrist watch, tie clasps, cuff links and a pair of binoculars, items which the store manager had reported as missing. Flashing his flashlight into the car's interior, the officer saw in plain view a small "Mor-Valu Stamps" tag on the back seat.

Because the officer had no warrant for the arrests, nor the ensuing search of the car and seizure of the stolen items, the defendant filed a motion to suppress the seized evidence prior to trial. The motion was denied and the evidence was later admitted at trial over the defendant's objection. At the close of the People's case, his motion for a directed verdict of acquittal was denied. The defendant did not testify, nor did he present any evidence.

## I.

The defendant first contends that the trial court erred in failing to suppress the evidence found in the trunk and back seat of the

car, all of which was seized without a search warrant.

He argues that Article II, section 7 of the Colorado Constitution, as well as the Fourth and Fourteenth Amendments to the United States Constitution, forbid an unreasonable search and seizure and require a search and seizure to be made only upon a warrant based upon probable cause and supported by oath or affirmation. The basic constitutional rule is that a warrantless search and seizure is presumptively unreasonable. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

We cannot quarrel with the basic constitutional argument but it is, however, subject to several specifically established and well-delineated exceptions. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The present case is one of those exceptions.

The defendant admits in his brief that there was probable cause for his detention and arrest. The circumstances justifying an arrest may also furnish probable cause for the search. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *People v. Clark,* 173 Colo. 129, 476 P.2d 564 (1970). In *Chambers,* which we deem applicable to the instant situation, the United States Supreme Court stated:

''. . . For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.''

*See also Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *People v. Fratus,* 187 Colo. 52, 528 P.2d 392 (1974).

The defendant's reliance on *People v. Railey,* 178 Colo. 297, 496 P.2d 1047 (1972), is misplaced. There, the defendant's car *was* completely immobilized due to an accident, so it was practicable for the officers to first obtain a warrant before the search. Nor is defendant's reliance on *Coolidge, supra,* justified for again there were no exigent circumstances and the officers could have obtained a warrant. The mere fact that the car is not

*completely* immobilized does not remove the exigency of the circumstances. *Carroll, supra; Atwood v. People,* 176 Colo. 183, 489 P.2d 1305 (1971); *Clark, supra.*

Finally, the defendant incorrectly argues that the "Mor-Valu" stamp tag was illegally seized. It is neither against the law for a police officer to look inside a car, nor to use a flashlight to do so. *People v. Shriver,* 186 Colo. 405, 528 P.2d 242 (1974); *People v. Ramey,* 174 Colo. 250, 483 P.2d 374 (1971); *People v. Teague,* 173 Colo. 120, 476 P.2d 751 (1970). The incriminating tag was seen and could be seized under the plain view doctrine. *Coolidge, supra; Ramey, supra.*

II.

The defendant next submits that he was convicted upon evidence resting upon an inference gleaned from an inference that because he might have been in the company of an individual who was later traced to a burglary, he, Haggart, was the other burglar. He asserts that this evidence was insufficient to support a burglary conviction and the trial court should have directed a verdict of acquittal. We do not agree.

Section 18-4-203(1), C.R.S. 1973 states that "[a] person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property."

Burglary may be proven by circumstantial evidence alone and without the assistance or support of direct evidence if the prosecution demonstrates that a burglary was committed, that goods were stolen as part of the burglary, and that the articles which were stolen were found shortly thereafter in the possession of the defendant. *People v. McClendon,* 188 Colo. 140, 533 P.2d 923; *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963). All of these requirements were met.

Nor is the fact that the defendant was in joint possession of the stolen goods particularly significant in this case. The "joint" possession of stolen goods may be considered "exclusive" to all occupants of the same car, particularly when the driver throws some of them out of his side of the car, as Haggart did. *Martinez v. People,* 162 Colo. 195, 425 P.2d 299 (1967). Recent, exclusive and unexplained possession of stolen property

may sustain a conviction. *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970); *Wilcox, supra.*

 The People established a prima facie case. Haggart presented no evidence, and chose not to testify. While that is his privilege, he cannot thereafter complain on appeal that the jury drew inferences of guilt against him from his unexplained presence as well as the presence of the tag and goods from the store in the car. *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958).

Judgment affirmed.