**Roy Jackson CAGLE, Plaintiff-Appellant,**

v.

**Alan N. CHARNES, Director of the Department of Revenue, Motor Vehicle Division; and the Department of Revenue, Motor Vehicle Division of the State of Colorado, Defendants-Appellees.**

**No. 79CA0410.**

Colorado Court of Appeals, Div. II.

Dec. 6, 1979.

Chesler & Makaroff, Robert D. Hawthorne, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Terre Lee Rushton, Asst. Atty. Gen., Denver, for defendants-appellees.

BERMAN, Judge.

Plaintiff appeals the judgment of the trial court affirming the order of the defendant, Director of the Department of Revenue, Motor Vehicle Division (Director), revoking plaintiff's license under the Habitual Offenders Act, § 42–2–201 et seq., C.R.S. 1973. We affirm.

On three separate occasions between November 1973 and February 1975, plaintiff was convicted of driving a motor vehicle while under the influence of intoxicating liquor. All three offenses were cited as violations of C.R.S.1963, 13–5–30. Plaintiff entered a guilty plea in each instance. Plaintiff was then convicted of driving while impaired on May 12, 1977, in violation of § 42–4–1202, C.R.S.1973.

After two hearings, one under remand directions from the district court, the Director revoked plaintiff's license under § 42–2–202, C.R.S.1973, for a period of five years.

■ Plaintiff first contends that the Director improperly considered the convictions cited under the 1963 driving under the influence statute in revoking his license under § 42–2–202, C.R.S.1973. Plaintiff argues that because § 42–2–202(2)(a)(I), C.R.S.1973, specifically refers to violations of § 42–4–1202, the Director incorrectly counted violations of C.R.S.1963, § 13–5–30. This argument is without merit.

The 1973 Revised Statutes are a reenactment of C.R.S.1963. Section 2–5–113, C.R.S.1973. Further, § 2–4–208, C.R.S.1973, provides that:

"A statute which is reenacted, revised, or amended is intended to be a continuation of the prior statute and not a new enactment, insofar as it is the same as the prior statute."

Section 42–4–1202 is the same in every detail as § 13–5–30. Therefore, the Director correctly counted the convictions which arose from offenses occurring on or after July 1, 1973. See § 42–2–208, C.R.S.1973.

■ Nor was plaintiff denied due process by virtue of the trial court failing to advise him of the possible consequences of his pleas under the Habitual Offender Act. *People v. Heinz,* Colo., 589 P.2d 931 (1979).

■ Plaintiff finally contends that he was denied due process by certain actions of the hearing officer. First, plaintiff claims that he was denied a neutral hearing officer because the hearing officer stated in the first hearing, "[Y]our record has come to the point of meeting the requirements of § 42–2–202 defining habitual traffic offenders. . . ." We do not view the hearing officer's statement as a predetermination of the issue. Instead, it was a statement of fact based upon the record before him.

Plaintiff also maintains that the hearing officer took an active prosecutorial role by questioning witnesses, and thus deprived plaintiff of a neutral hearing officer. In *Stream v. Heckers,* 184 Colo. 149, 519 P.2d 336 (1974), it was held that where appellant was represented by counsel, and no prosecutor was present, the fact that the hearing examiner in a driver's license suspension proceeding asked more questions than he would have if a prosecutor had been present, did not render the hearing defective if the hearing officer remained objective. *Stream* is controlling here. Plaintiff was represented by counsel, and there was no prosecutor present in the first hearing. After reviewing the record, we conclude that the role assumed by the hearing officer did not render him unobjective.

Plaintiff's objections to the second hearing, where a prosecutor was present and the hearing officer asked substantially fewer questions, and did not assume a prosecutorial role, are without merit.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.