John Duane STEPHENS, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Ray Jorgensen, R.W. Skeen, agents thereof, Defendants-Appellees.

No. 82CA1248.

Colorado Court of Appeals, Division 1.

Oct. 13, 1983.

Martin, Knapple, Humphrey & Tharp, Joel C. Maguire, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees.

METZGER, Judge.

John Duane Stephens appeals the district court's affirmance of the Department of Revenue's revocation of his driving privileges pursuant to the implied consent law. Section 42–4–1202(3)(e), C.R.S.1973 (1982 Cum.Supp.). We affirm.

The evidence at the Department of Revenue hearing established that Colorado State Patrol Trooper Edens, responding to a radio dispatch, discovered Stephens' disabled vehicle parked facing west on the left shoulder of the eastbound lanes of an interstate highway. When Edens arrived, Stephens was standing in the median strip with two other individuals. Stephens was injured, and the evidence indicated that he had been assaulted by these individuals after leaving his vehicle. Stephens told Trooper Edens that he was driving his vehicle at the time of the accident. Edens detected an odor of alcohol on Stephens' breath and requested him to perform a roadside sobriety test, which he failed. Edens then arrested Stephens for driving under the influence of alcohol, verbally advised him of his *Miranda* rights, and placed him in the patrol car.

Based upon the position of Stephens' vehicle, the odor of alcohol on his breath, and his failure of the roadside test, which Edens noted on an implied consent advisement form, he then requested that Stephens submit to a test of his blood alcohol content pursuant to the implied consent law. Stephens replied that he was unsure whether he should consent to the test. Edens again advised Stephens of his *Miranda* rights using a written form, and Stephens asked for an attorney. Edens ceased questioning Stephens and transported him to the sheriff's office, where he once more advised him of the implied consent provisions. Stephens asked him what to do, and requested an attorney; Edens explained to Stephens that the right to an attorney was not applicable to the implied consent procedure and that he could not advise him.

The hearing officer found that, before administering the implied consent procedure, the arresting officer had reasonable grounds to believe that Stephens was driving under the influence of alcohol, and that Stephens had refused a chemical test. He therefore revoked Stephens' driving privileges for three months.

### I.

On appeal, Stephens contends that the hearing officer allocated the burden of proof improperly and relied on incompetent evidence when he found that Edens had reasonable grounds to believe Stephens was driving under the influence of alcohol. We disagree.

Here, the record reflects that the trooper assumed and met the burden of proving by a preponderance of the evidence

that he had reasonable grounds to believe that Stephens was driving under the influence of alcohol. *See Johnson v. Motor Vehicle Division,* 38 Colo.App. 230, 556 P.2d 488 (1976).

■ Furthermore, although a hearing officer cannot rely on evidence not listed on the implied consent advisement form in determining whether the arresting officer had reasonable grounds to believe a licensee was driving under the influence of alcohol, *Lucero v. Charnes,* 44 Colo.App. 73, 607 P.2d 405 (1980), here the grounds actually listed on the form are sufficient, standing alone, to support the hearing officer's finding. *See Stream v. Heckers,* 184 Colo. 149, 519 P.2d 336 (1974); *Johnson v. Motor Vehicle Division, supra.*

■ Stephens argues that his failure of the roadside sobriety test should not have been considered by the hearing officer, because it is a "conclusionary statement," without supporting facts in evidence. However, the arresting trooper's state of mind at the scene is the relevant criterion. *Zullo v. Charnes,* 41 Colo.App. 544, 587 P.2d 1203 (1978). Here, the odor of alcohol on defendant's breath, coupled with the position of defendant's vehicle on an interstate highway, were sufficient facts to constitute reasonable grounds for the officer to request an implied consent test pursuant to § 42–4–1202(3)(e), C.R.S.1973 (1982 Cum. Supp.). The argument that there may have been another reason, mechanical failure, for the position of defendant's vehicle, does not negate the reasonableness of the officer's belief at the time.

## II.

Stephens also contends that the evidence did not support the hearing officer's finding that he refused to take a chemical test of his blood alcohol level. Stephens argues that he was so confused by his *Miranda* advisement that he believed his right to remain silent included a right to refuse the test. His contention is without merit.

■ An inability to decide to submit to a test, after being fully advised that *Miranda* rights do not apply, will constitute a refusal. *Colgan v. State,* 623 P.2d 871 (Colo.1981). Here, the evidence established that the arresting officer explained to Stephens that his *Miranda* right to counsel was inapplicable to the implied consent procedure, and that the advisement form defendant read and signed stated: "[As] a matter of law you have no right to consult with an attorney before deciding to submit to, or refuse, a chemical test...." Under the circumstances, Stephens' actions constituted a refusal.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.