No. 23854.

WAYNE D. STORK *v.* THE PEOPLE OF THE STATE OF COLORADO.

(488 P.2d 76)

Decided August 3, 1971.    Rehearing denied September 13, 1971.

CHARLES T. FLETT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

OYER G. LEARY, District Judge,* delivered the opinion of the Court.

THIS case is here on writ of error to review the conviction of plaintiff in error (hereinafter referred to as defendant), who was convicted by a jury and sentenced to the penitentiary by the court for possession of the narcotic drug canabis, which is commonly referred to as marijuana. Our review of the record and the briefs dis-

closes no reversible error, and we, therefore, affirm.

The record reveals that on October 19, 1967, at approximately 10:00 p.m., John D. Gray, a Denver police officer assigned to the narcotic section of the vice bureau, received a tip from an informer who related to him that the defendant and two companions were planning to have a marijuana party that night at their apartment at 1245 Ogden Street, in the City of Denver. The informant also stated that earlier in the evening he had seen all three men and had observed penny matchboxes containing marijuana in their possession.

Without obtaining a search or an arrest warrant, Officer Gray, Officer James R. Laurita, and two agents of the United States Bureau of Narcotics and Dangerous Drugs proceeded immediately to the Ogden Street address. There, they found a three-story house which had been converted to apartment use. Having observed lights and loud music emanating from the third-floor apartment, two of the officers proceeded up a back stairway, while the other two officers remained at the front entrance.

Officer Gray stationed himself on the third-floor landing opposite the back window of the defendant's apartment. He testified that from this position he observed the defendant and his two co-tenants at a distance of approximately twenty to twenty-five feet, and he could see one-third to one-half of the kitchen area. After watching approximately ten minutes, he observed the defendant showing a matchbox to the others, and at the same instant, he heard one of the others say, "Grass, man, grass."

At this point, Officer Gray signalled the other officers who entered the front apartment entrance. The officers knocked on the apartment door, and when it was opened by one of the occupants, they forced their way inside to the kitchen. At the same instant, Officer Gray gained admittance through the back window.

The officers immediately searched the kitchen and

seized three matchboxes containing suspected marijuana lying in plain view on a cabinet. The occupants, including the defendant, were then placed under arrest and advised of their rights. Thereafter, a further search was conducted which turned up wheatstraw cigarette papers and plastic bags, all of which were confiscated. At the trial, the judge admitted into evidence the three match boxes containing marijuana.

The defendant contends that his conviction should be reversed based on the following points of error: (1) Admission of illegally seized evidence at trial, in violation of the United States and Colorado Constitutions. (2) Failure to dismiss the information or, in the alternative, failure to reduce the charge to a misdemeanor. (3) Failure to grant a judgment of acquittal when all the evidence against the defendant was obtained as the result of an illegal search and seizure. (4) Failure to grant a mistrial after the district attorney attempted to introduce empty machboxes, cigarette papers, and sandwich bags recovered in the search as "articles used in the narcotics trade." (5) Lack of qualification of People's expert witness, Charles D. Hoaglin. (6) Lack of a chain of evidence in reference to certain matchboxes of marijuana. (7) Denial of a directed verdict based on failure of the People's proof beyond a reasonable doubt.

As to the assigned errors (1) and (3) pertaining to the search and seizure question, the defendant contends that under the above factual situation there was no probable cause for his arrest and the search. More specifically, he argues that the informer was not reliable and that Officer Gray's observations were made from within the curtilage of the apartment, and therefore, any information which was obtained thereby resulted from an unlawful search.

■ In Colorado, the People have the burden of showing that a warrantless arrest was supported by probable cause. *People v. Valdez*, 173 Colo. 410, 480 P.2d 574 (1971). In this instance, the People maintain that

there was probable cause to believe the defendant was committing a crime, based on the informant's tip and the independent investigation of the police officers. In order to establish that a police officer has probable cause to arrest, based on information received from an informer, there must be evidence that the officer was apprised of some of the underlying circumstances from which the informant concluded that a crime had been or was being committed, and there must be some basis from which the officer could conclude that the informer was reliable or his information credible. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, *Annot.* 10 A.L.R.3d 359 (1966); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See also, United States v. Harris,* 39 L.W. 4835 (June 28, 1971). Here, both requirements were met. The informant stated that his tip was based on personal observation earlier that evening. Second, Officer Gray had received reliable information from this particular informer on several previous occasions. In addition to the fact that the informer was known to be reliable, Officer Gray's observation of one of the matchboxes mentioned by the informant corroborated the informant's tip.

As to the defendant's contention that Officer Gray's observation constituted an unlawful search, our research discloses that *State v. Clarke,* 242 So.2d 791 (Fla. 1970), is directly in point. There, in a similar fact situation involving a narcotics case, the Court of Appeals held:

"Since the fire escape was open to use by others, the occupants of the apartment in question had no reasonable right to expect any privacy with relation to what they did inside the window within easy view of any person on the fire escape. . . . Those inside the apartment must be held to an expectation that those using the common facilities of the building would come across the window and look inside. Under these circumstances, looking in at the window can hardly be considered a 'search.' What the [officer] lawfully observed through

the window gave the officers the right and duty to arrest the persons inside without a warrant on grounds that they believed a felony was being committed and that the persons inside were committing it."

We, therefore, hold that the arrest of the defendant was based on probable cause and that the search contemporaneous therewith did not violate any of the defendant's constitutional rights, *See Jones v. People,* 167 Colo. 153, 445 P.2d 889 (1968); *Lavato v. People,* 159 Colo. 223, 411 P.2d 328 (1966); *cf., People v. Drumright,* 172 Colo. 577, 475 P.2d 329 (1970). The seizure of the three matchboxes containing the suspected contraband was clearly permissible, inasmuch as they were in plain view. *See, e.g., People v. Clark,* 173 Colo. 129, 476 P.2d 564 (1970); *People v. Baird,* 172 Colo. 112, 470 P.2d 20 (1970). The defendant's contention that the seizure was impermissible under *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), is without merit, since this is a pre-*Chimel* case, and *Chimel* is not retroactive. *Williams v. United States,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

The defendant contends, as to point of error (2), that the court erred in refusing to reduce the charge against him to a misdemeanor. The information charged the defendant and one Leonard M. Zinberg with conspiracy to possess and possession of a narcotic drug. The district attorney dismissed the conspiracy charge as to both defendants and, as a result of plea bargaining, dropped the possession charge against Zinberg in exchange for a plea of guilty to the charge of disorderly conduct, a misdemeanor. The defendant contends that he should have been accorded the same treatment. This Court has previously considered and rejected a similar contention in *Altobella v. People,* 161 Colo. 177, 420 P.2d 832 (1966).

The defendant argues, as to point of error (4), that the trial court should have granted a mistrial when the district attorney attempted to introduce empty match-

boxes, cigarette papers, and sandwich bags recovered in the officers' search as "articles used in the narcotics trade." The record shows that the items were not admitted into evidence, and the trial judge instructed the jury to disregard any testimony or reference to such evidence. Given these circumstances, we conclude that the ruling was within the sound discretion of the trial court.

██ Assignment of error (5) alleges that the People's expert witness, Officer Charles Hoaglin of the Denver Police Department, was not qualified as an expert and should not have been allowed to testify that the matchboxes contained marijuana. The record shows that the witness had completed numerous college level chemistry courses and had six and one-half years of practical experience with the Denver Police Department as a chemical analyst. Furthermore, he had analyzed suspected narcotics in approximately four thousand instances and had testified in court on many occasions as an expert witness. The competency of a witness to render an expert opinion rests within the discretion of the trial court, and in this case, the qualification of the witness as an expert in his field meets the tests established in the cases of *Stone v. People,* 157 Colo. 178, 401 P.2d 837 (1965); *Rhodes v. People,* 152 Colo. 210, 381 P.2d 30 (1963); and *Bridges v. Lintz,* 140 Colo. 582, 346 P.2d 571 (1959).

Assigned error (6) concerns the alleged insufficiency of the chain of evidence relating to the matchboxes of marijuana. The record clearly shows that the evidence was sufficiently detailed to establish an unbroken chain from the confiscation of the evidence to its admission at the trial. Nothing would be gained in further detailing each step of the chain of evidence appearing in the record prior to the evidence being admitted.

██ The last assignment of error (7) is that the trial court should have granted the defendant's motion for judgment of acquittal. The trial court's ruling on this

point was not erroneous, since we are satisfied that there was sufficient evidence in the record from which the jury could find beyond a reasonable doubt that the facts presented in the People's case were such as to exclude every reasonable hypothesis of innocence. *Mc-Clendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971).

The judgment of the trial court is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.