No. 25164.

THE PEOPLE OF THE STATE OF COLORADO
*v.* MARVIN R. VAUGHNS.
(489 P.2d 591)

Decided August 9, 1971.

Jarvis W. Seccombe, District Attorney, Coleman M. Connolly, Deputy, Silvana Del Piccolo, Deputy, for plaintiff-appellee.

Hoyman and Starlin, P.C., Edwin S. Culver, for defendant-appellant.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

The defendant by this interlocutory appeal seeks to suppress physical evidence which was seized pursuant to a search warrant at 3640 Pontiac Street and the statements which were made by him to various members of the police department. His motion is premised on the contention that the evidence is inadmissible, since the grounds for the issuance of the search warrant were discovered after an illegal entry and a warrantless arrest had been made. The police justify their entry and warrantless arrest on the exigent circumstances that came into being after an armed robbery and assert that probable cause existed for the arrest.

On May 21, 1970, at approximately 7:55 p.m., Police Officers Gray and Buckley received a radio call which directed them to proceed to the vicinity of 36th Avenue and Quebec. Another police car was sent to the Skyway Motel to obtain on-the-scene facts regarding an aggravated robbery that had just been perpetrated. While enroute to the area where the robbery was committed, the officers received a second radio call which provided them with a description of three suspects and detailed information regarding the getaway car. A few minutes later, the officers received a third radio call which advised them that there were four suspects, including the driver, and that the car in question was located at 3640 Pontiac Street. The officers went immediately to

3640 Pontiac Street and found that a vehicle matching the description given to them by the radio dispatcher and bearing the identified license plate was parked in front of 3640 Pontiac Street. As the officers approached the residence, they were met by a young boy who informed them that four men had left the car in question and had run into his house at 3640 Pontiac Street. He was questioned by the police officers as to whether or not his mother was in the house, and the young boy was unable to give a response but told the police officers that there was a key in the mailbox.

Police Officer Gray rang the doorbell and saw someone look out from behind the drapes in the house and close them hurriedly. The drapes were parted a second time and closed as quickly as on the first occasion. No one responded to the doorbell or to the police officer's knock. The police officers then unlocked the door, announced their identity and purpose, and entered and arrested the suspects, one of whom was wearing a coat corresponding to that described in the police radio broadcast. A fourth man was found hidden in the basement.

■ Based upon the facts that were broadcast on the police radio and the observations of the police officers, a search warrant was obtained, and a search of the premises resulted in the seizure of certain weapons and fruits of the crime. The question before us is whether the prosecution sustained its burden and established that there was probable cause to make an arrest without a warrant. In *People v. Feltch*, 174 Colo. 383, 483 P.2d 1335 (1971), we declared that "[t]he burden of proving the existence of probable cause for an arrest without a warrant is on the prosecution." *Accord, People v. Valdez*, 173 Colo. 410, 480 P.2d 574 (1971).

■ Here, the exigent circumstances confronting the police officers following the commission of a robbery, flight of the perpetrators of the robbery, and a refusal of those individuals or of the other occupants of 3640 Pontiac Street to respond to the police officers' knocks and

372

ringing of the doorbell justified the action taken. They were advised of the entry of armed men into a house in which a small boy lived and were advised that the young boy did not know the men. Entry was effected with the assistance of the young boy, and the police officers would have been derelict in their duty had they not seen to it that their hot pursuit resulted in the arrest of the defendant and his three companions in crime.

We have enunciated the fellow-officer rule in *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971), which permits a police officer to rely upon and accept information provided by another officer. We have also cited *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), in a number of cases as authority for the proposition that police officers can, when in hot pursuit and when confronted with exigent circumstances, act to protect themselves and to prevent the destruction of evidence or injury to another.

The defendant was given a full *Miranda* warning following his arrest, and the admissibility of the statements he made as evidence must be determined by the court at the time of trial. The facts in this case do not fit the mold of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The ruling of the District Court is affirmed.