No. 25486

**The People of the State of Colorado v.
Maxine Delois Railey**
(496 P.2d 1047)

Decided May 15, 1972.

A. L. Herrmann, Jr., District Attorney, First Judicial District, Charles T. Hoppin, Chief Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Mark F. Leonard, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

On July 20, 1971, Officer John Boley of the Lakewood Department of Public Safety responded to a shoplifting complaint in Westland Shopping Center. Upon his arrival, the manager of a women's store in the shopping center informed him that she had observed a woman remove a two-piece navy blue hot pants suit from the store. She gave Officer Boley a meticulous description of the woman and of the car in which the woman departed the parking area, including its license plate number. While attempting to determine the registered owner of the reported car, Officer Boley overheard a report of an accident involving the described car. Arriving at the scene of the accident, he found a woman who answered the description given by the store manager. He proceeded to search the woman's car and although he did not find the hot pants suit, he discovered evidence which the People contend is marijuana residue. This residue found in the bowl of a pipe gave rise to the present prosecution.

In an *in camera* hearing on a motion to suppress, the trial court found that the defendant did not consent to the warrantless search. Further, the court found that there was "no urgency" to conduct a search to prevent the disappearance of suspected evidence and that under the circumstances presented, "[i]t would have been a simple. . . matter to get a search warrant. . . ." The court then granted the motion to suppress and the People brought this interlocutory appeal pursuant to C.A.R. 4.1.

■■ Under the United States Constitution and under the Constitution and laws of the State of Colorado, it is clear that a warrantless search is presumptively illegal and that the

People have the burden of proving an exemption from warrant requirements. *People v. Vaughns,* 175 Colo. 369, 489 P.2d 591; *Stork v. People,* 175 Colo. 324, 488 P.2d 76; *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335; *People v. Ortega,* 173 Colo. 564, 481 P.2d 727; *People v. Valdez,* 173 Colo. 410, 480 P.2d 574; *see also Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; *United States v. Jeffers,* 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153.

■ The People contend that the instant search should be admitted under the "automobile search" exception to Fourth Amendment requirements. However, the trial court found that defendant's automobile was immobilized, that the defendant was in custody, and that there was no danger that evidence would be removed. Thus, it appears that the trial court did not find the essential ingredient—exigent circumstances. Accordingly, the court held that the "automobile search" exception did not apply. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. There was evidence to sustain the trial court's findings.

The ruling is affirmed.