No. 25532

**The People of the State of Colorado v. Kim LeRoy Duleff**
(515 P.2d 1239)

Decided November 19, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Kim LeRoy Duleff, was charged and convicted of the crimes of unlawfully cultivating marijuana without first obtaining a license (C.R.S. 1963, 48-5-3), and of possession of marijuana (C.R.S. 1963, 48-5-2). Trial was to the court after the defendant waived his right to a jury. The defendant contends that both convictions must be reversed, but each for different reasons. He argues that the finding of guilt for possession of marijuana must be overturned because the evidence which supports the conviction was the product of an unlawful search and seizure. With respect to his conviction for cultivating marijuana without a license, the defendant contends that his right against self-incrimination under the Fifth Amendment provides a complete defense to any prosecution for his failure to obtain a license. Although both of the arguments advanced by the defendant have merit, our review of the record causes us to conclude that the defendant's arrest and the subsequent search were not unlawful and that the evidence was properly admitted by the trial judge. However, in our view, the Fifth Amendment, as interpreted by the United States Supreme Court, requires that the defendant's conviction for cultivating marijuana without a license must be reversed. Accordingly, we affirm the trial court's finding in part and reverse in part.

## I.
### Facts

Marijuana was identified in a garden behind the defendant's house by police officers. The police placed the defendant's home under surveillance and saw the defendant, at different times during a three-day period, weed and water the marijuana plants. On the day that the defendant was arrested, the police observed the defendant weed and water the plants and saw him harvest leaves from the marijuana plants and take them into his house. The police immediately went to the door of the house to seek entrance and to arrest the defendant. When the police knocked on the door, the defendant came to a window, saw the officers, and disappeared into the house without admitting the officers. Thereafter, the police, fearing that the defendant had gone to destroy the marijuana, entered the unlocked door to the

house and arrested the defendant. After the defendant was arrested, he was given a proper *Miranda* warning [*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] and was then asked where he had hidden the marijuana. In response to the inquiry, the defendant took the police to a locked room, unlocked the door, and produced the marijuana which he had recently picked.

## II.
### Search and Seizure

The primary issue is whether the police should have obtained an arrest warrant or a search warrant before they entered the defendant's home. Under the circumstances in this case, we deem the arrest to be proper. When the defendant left the garden, the police officers knew that he had marijuana in his possession and had been cultivating the marijuana plants. Therefore, probable cause existed to arrest him for both possession of marijuana and the unlawful cultivation of marijuana. The defendant took the marijuana into his home, refused to admit the police, and disappeared from view. The exigent circumstances confronting the police in this case, and the possible destruction of evidence, permitted the police to pursue the defendant and to make the arrest without a warrant. *See People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Moreover, the defendant's post-arrest consent to produce the marijuana met the requirements of *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and justified the seizure of the marijuana as evidence.

## III.
### Self-Incrimination

The defendant challenges his conviction under C.R.S. 1963, 48-5-3(1), on the ground that compliance with the license requirement and the application procedures (C.R.S. 1963, 48-5-4), violates his Fifth Amendment rights against self-incrimination. U.S. Const., amends. V and XIV; *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Haynes v. United States,* 390 U.S. 85, 88 S.Ct. 722,

19 L.Ed.2d 923 (1968); *Grosso v. United States,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and *Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). We agree and reverse the defendant's conviction for the unlawful cultivation of marijuana without a license (C.R.S. 1963, 48-5-3(1)).

The statute which is questioned provides:

"(1) No person knowingly shall cultivate, grow, produce, or process, or manufacture, or knowingly allow to be cultivated, grown, produced, processed, or manufactured, on land owned, occupied or controlled by him, any opium, coca leaves, cannibis, marijuana, or other narcotic drug without first obtaining a license as a producer of narcotic drugs from the State Department of Public Health." C.R.S. 1963, 48-5-3(1).

The qualifications for obtaining a license are then defined in the following statute:

"48-5-4. — Qualifications for licenses. — (1)(a) No license shall be issued under the provisions of section 48-5-3 unless and until the applicant therefor has furnished proof satisfactory to the State Department of Public Health, that:

"(b) The applicant is of good moral character or if the applicant be an association or corporation, that the managing officers are of good moral character;

"(c) And the applicant is equipped as to land, buildings, and paraphernalia properly to carry on the business described in his application.

"(2) No license shall be granted to any person that has within five years been convicted of a willful violation of any law of the United States, or of any state relating to opium, coca leaves, or other narcotic drugs, or to any person who is a narcotic drug addict.

"(3) The State Department of Public Health may suspend or revoke any license for cause." C.R.S. 1963, 48-5-4.

In examining regulatory statutes relating to drugs, firearms, and gambling, the Supreme Court of the United States, in *Leary, Haynes, Grosso,* and *Marchetti, supra,* struck down convictions which were based on statutory licensing schemes

which force an individual to incriminate himself if he complies with the licensing statute. These cases declare that the Fifth Amendment prohibits licensing requirements from being used as a means of discovering past or present criminal activity which is subject to prosecution by calling attention to the licensee and his activities. The focus of attention in licensing cases such as this one is directed toward the substantiality of the risk of prosecution and conviction, rather than the chronology of the acts which are in issue. The relevant question is not whether the initial decision to produce marijuana is voluntary, but whether, once that decision has been made, the accused may be compelled to incriminate himself by complying with the licensing requirements. *But cf. Lewis v. United States,* 384 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955), *overruled, Marchetti v. United States, supra.*

■ Under the circumstances of this case, in order to fully comply with the requirements set forth in C.R.S. 1963, 48-5-3(1) and C.R.S. 1963, 48-5-4, Duleff would have been forced to reveal information which would have tended to incriminate him of violating the federal marijuana tax laws. *See* Int. Rev. Code of 1954, § § 4741-4757. There is no doubt that the information which Duleff would have been required to disclose would have been useful to the investigation of his activities, would have substantially increased the risk of prosecution, and may well have been a direct admission of guilt under federal law. *See* Int. Rev. Code of 1954, § 4744. The Fifth Amendment protects individuals from such compulsory, incriminating disclosures and provides a complete defense to prosecution. *Leary v. United States, supra; Haynes v. United States, supra; Grosso v. United States, supra; Marchetti v. United States, supra.*

Accordingly, we reverse the defendant's conviction for violating C.R.S. 1963, 48-5-3(1) and affirm his conviction for possession of marijuana (misdemeanor) under C.R.S. 1963, 48-5-2.

Since the record before us does not disclose what portion of the defendant's sentence was imposed as a consequence of

the violation of C.R.S. 1963, 48-5-3(1) (unlawful cultivation of marijuana without a license), we remand this case to the trial court for resentencing in a manner not inconsistent with this opinion.

MR. JUSTICE GROVES concurs in result only.