## No. 26900

**The People of the State of Colorado v. Norma Neyra a/k/a Norma Neyra Sosa**

(540 P.2d 1077)

Decided September 29, 1975.

Nolan L. Brown, District Attorney, Dan B. Fahrney, Chief Deputy, L. Gary Hebenstreit, Deputy, for plaintiff-appellant.

Jerald J. Devitt, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Neyra, charged with felony theft, filed a motion to suppress evidence seized from her automobile after a warrantless search. The trial court granted this motion. In this interlocutory appeal, the district attorney asserts that the trial court erred in granting this motion. We perceive no error and therefore affirm the trial court's ruling.

The defendant was detained by a security officer as she departed from a department store in the Villa Italia shopping center. He stopped her after observing a man's leather jacket lying in a stroller occupied by the defendant's baby daughter. He had reason to believe this item of clothing had been stolen from the department store. The police were called and took the defendant into custody, whereupon she was advised of her rights. When asked for identification, she stated that her identification was in her automobile in the parking lot of the shopping center. The police agent and security officer accompanied her to the vehicle for the purpose of obtaining identification.

At the suppression hearing, the police agent testified that, as the defendant reached into her vehicle for identification, he observed a shopping bag lying on the floor of the passenger side. It appeared to contain a blue nightgown and a fur coat turned inside out. He further testified that he observed department store price tags on these items. The department store security officer offered similar testimony. In her testimony, however, the defendant denied that any of the contents of the shopping bag could be viewed from any position outside her vehicle.

The police agent testified that he asked the defendant about the contents of this shopping bag, and that she stated that the items in the shopping bag belonged to her daughter and that she had no receipts for them. According to the testimony of the police agent, the defendant then handed the shopping bag to him. The defendant testified that she did not hand over the shopping bag to the police agent but he took it from the vehicle without her consent.

Thereafter, another police agent arrived. The defendant was then presented with a consent form to search her automobile. The police agent testified that the defendant was given time to read the form and after five to eight minutes, she signed it. The defendant, however, testified that the form was not read to her nor explained to her, but that she was merely told to sign it as "they" were going to search her automobile anyway. She testified that she did not voluntarily consent to the search of her automobile.

The defendant was transported to the county jail while the police agents conducted a warrantless search of her automobile. The police agent took possession of the keys and had the vehicle in police custody at the time of the search. Various items allegedly stolen from several business houses in the shopping center were found in the vehicle and seized as evidence.

The trial court found that the defendant was under arrest at the time she was taken to her vehicle, and that since there was no necessity shown for taking items from the vehicle or searching the vehicle without a search warrant, the defendant's motion to suppress was granted and the items of evidence taken from the vehicle were ordered suppressed.

The district attorney on this appeal argues that the trial court erred in suppressing this evidence because not only had the defendant given her consent to the search, but the "plain view doctrine" constitutes justification for the seizure. The district attorney's arguments are without merit.

■ We have in many cases stated the general law which prevails on this subject to the effect that a warrantless search is presumptively illegal and that the burden is upon the prosecution to establish a recognized exemption from the warrant requirements of the United States Constitution and of the Constitution of Colorado. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *People v. Railey*. 178 Colo. 297, 496 P.2d 1047 (1972). One of the circumstances which permits a warrantless search of vehicles is where exigent circumstances are shown and where it is impracticable to secure a warrant. However, as here, where the defendant is under arrest, where the defendant's automobile is in police custody, and where there is no danger that evidence would be removed or destroyed before a warrant could be secured, no exigent circumstances are presented. *See People v. Railey, supra.*

■ The trial court's findings were to the effect that since no exigent circumstances existed under the facts of this case, the police officers had no right to search the defendant's automobile or take any items therefrom without a valid search warrant. Our review of the record reveals that the testimony and evidence at the suppression hearing supports this finding and conclusion of law by the trial court.

■ This case does not involve a search and seizure made incident to an arrest. The following holding in *Coolidge v. New Hampshire, supra*, states the law relative to the inapplicability of the plain view doctrine to this fact situation:

"The limits in the [plain view] doctrine are implicit in the statement of its rationale. The first of these is that plain view *alone* is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.'"

Concerning the issue of consent in this case, the district attorney contends that the trial court's findings did not negate consent on the part of this defendant to search her automobile. We agree that the findings do not specifically rule out the evidence of consent furnished on behalf of the prosecution. Nevertheless, the other findings, by clear implication, reveal that the district court determined that the defendant in this case had never given her consent to the search. The burden of proof in the determination of whether a consent to search is intelligently and freely given rests firmly on the People. *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974). Since there is evidence in this record to support the proposition that the defendant did not give her consent to the search, we do not regard the trial court's findings in this respect so deficient as to require a remand for additional findings or a reversal of the trial court's ruling.

The ruling of the trial court is affirmed.