MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This interlocutory appeal was taken after the trial judge granted the defendants’ motion to suppress a sack containing 2.2 pounds of cocaine as evidence. We reverse the ruling of the trial court.
On September 4, 1975, the defendants and a special agent of the United States Drug Enforcement Administration met at a Holiday Inn. The meeting was arranged to consummate the sale of 2.2 pounds of cocaine for $28,000. The special agent met with the defendants Coulson and Row inside the Holiday Inn and “flashed” $28,000. Coulson then took the agent to a rental car in the parking lot which was occupied by the defendant Mattashciam, who had possession of the cocaine. The special agent asked for the cocaine, and the defendant produced a sack from underneath the seat. The special agent took a sample of the cocaine and went back into the Holiday Inn to make a field test. After determining that the sample was in fact cocaine, the special agent then went to the door of the Holiday Inn and directed other agents to take Mattaschiam and the other defendants into custody. When Mattaschiam was arrested, the cocaine was still on the front seat of the car and was seized.
The defendant Mattaschiam was outside of the car in handcuffs at the time the cocaine was taken from the car. Coulson and Row were already in custody at the time Mattaschiam was arrested.
After charges were filed, the defendants moved to suppress the sack of cocaine that was taken from the front seat of the automobile. The trial judge granted the motion based upon the failure of the prosecution to show exigent circumstances for conducting a warrantless search of the automobile after the defendants were arrested.
An analysis of the undisputed facts provides the basis for our determination that the search and the seizure made in this case complies with constitutionally recognized standards. The special agents had probable cause to arrest the defendants. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Moreover, the special agent was given- access to a sample of the cocaine prior to the time that the arrest and seizure were made. After the sample was taken, the sack was left on the seat of the automobile. No expectation of privacy existed after the defendants caused the special agent *55 to be taken to the automobile in a public parking lot and produced the sack of cocaine so that a sample could be taken by the special agent for testing purposes.
Finally, when the cocaine was produced by the defendant and the special agent, upon making tests, directed that an arrest be made, exigent circumstances existed which were not unlike those set out in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), where the Court said:
“[T]he circumstances which furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting since a car is readily movable. Where this is true, as in Carroll, supra, and the case before us now, if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search.
“For constitutional purposes, we see no differences between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.”
The trade-off faced in Carroll and Chambers is present in this case and results in application of the rule which
“. . . holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible.”
Chambers v. Maroney, supra. Most recently, in Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975) (per curiam), the majority upheld a delayed warrantless search, based upon probable cause to search a suspect’s automobile at the scene immediately after arresting him for attempting to pass fraudulent checks at a bank drive-in window. The dissent also noted that “an immediate on-the-scene search . . . was clearly permissible.”
Time is of the essence in effecting an arrest that is incident to the consummation of a drug sale. The facts in this case parallel those which were before us in Aline v. People, 157 Colo. 103, 402 P.2d 610 (1965), and People v. Cox, 190 Colo. 326, 546 P.2d 956 (1976).
The factual situation in this case does not involve a delayed search without a warrant, which we condemned in People v. Lorio, 190 Colo. 373, 546 P.2d 1254 (1976).
*56 Accordingly, the ruling of the trial court is reversed, and the case is remanded with directions to deny the motion to suppress.