## No. 26922

**The People of the State of Colorado v. L. C. Alexander, Henry R. Alexander and Albert Boyd**

(561 P.2d 1263)

Decided March 28, 1977.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey, Chief Deputy, for plaintiff-appellant.

Geer & Goodwin, P.C., Leonard Chesler, Robert Grant, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

■ This is an appeal by the People mandated by section 16-12-102, C.R.S. 1973 of the district court's judgment declaring section 12-47-128, C.R.S. 1973 to be unconstitutional. The opening sentence of the district attorney's brief states the issue to be, "Whether the Liquor Code provision, Section 12-47-128, C.R.S. 1973, which authorizes warrantless search and seizure under certain circumstances, is constitutional." We affirm the district court's declaration of unconstitutionality.

The information in this case charged the defendants with violation of, and conspiracy to violate, provisions of the Liquor Code of 1935. Sections 12-47-101 *et seq.*, C.R.S. 1973. The information was filed after Denver police officers entered the Chateau Club pursuant to a search warrant and seized liquor, suspected narcotics and some firearms. In addition, the officers made a warrantless seizure of booths, chairs, furniture, bar stools, curtains, card tables, pool cues and other items of personal property in the club.

The defendants made a pre-trial motion to suppress evidence. The parties furnished the court with a stipulation as to the facts and issues. The court held the statute facially unconstitutional by reason of its search and forfeiture of property provisions.

We are confining ourselves strictly to the issue as stated by the district attorney. Specifically, we do not address ourselves to the validity of the search for and seizure of the items specified in the warrant, nor do we consider the forfeiture provisions of the statute.[1]

---

[1] During oral argument defendant stated that all property seized during the search had been returned to the defendants. This appears to have been in accordance with a provision in the stipulation.

Section 12-47-128, C.R.S. 1973 provides in pertinent part:
"[An] officer or person authorized by this article having personal knowledge or reasonable information that alcoholic liquors are being kept in violation of the law in any place, except a home as provided in this section, shall search such suspected place without a warrant and without any affidavit being filed and if such officer or person finds upon the premises alcoholic liquors, he shall seize the same together with the vessels in which they are contained and all implements and furniture used in connection with such alcoholic liquors in the illegal keeping, selling. . . the same. . . ."
The section also provides for the arrest of the person in charge of the place entered and for the forfeiture of property seized.

A nearly identical statute providing for warrantless searches was declared unconstitutional in *Wilson v. People*, 156 Colo. 243, 398 P.2d 35 (1965). There, our present Chief Justice, writing for a unanimous court, followed the change in the law as laid down in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961). The warrantless search is presumptively illegal and the burden is upon the People to establish a recognized exception to the constitutional warrant requirements. *People v. Mathis*, 189 Colo. 534, 542 P.2d 1296 (1975), *People v. Neyra*, 189 Colo. 367, 540 P.2d 1077 (1975), and *People v. Duleff*, 183 Colo. 213, 515 P.2d 1239 (1973). Among the exceptions are "plain view," consent, search incident to arrest, and exigent circumstances such as hot pursuit of a fleeing felon, and seizure of goods in the process of destruction or removal. *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).

The statute here under consideration does not predicate its authorization upon any recognized exception to the warrant requirement, but rather upon the personal knowledge or reasonable information of the officer or other person making the search. This circumvents any requirement of a finding of probable cause by a judicial officer prior to issuance of a search warrant.

The People contend that the Twenty-first Amendment to the United States Constitution, which repealed the Eighteenth Amendment and granted authority to the states as to intoxicating liquors, renders constitutional the statute here involved. The Twenty-first Amendment, however, did not alter the Fourth Amendment to authorize the warrantless search authorized by the statute. *See California v. La Rue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

The People also cite *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), which involved inspection procedure under the federal Gun Control Act. An entirely different situation was there involved and the case is not applicable here.

Judgment affirmed.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN specially concur.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE ERICKSON specially concurring:

I concur in the result reached by the majority, but I cannot adopt the analysis which is offered as a foundation for the majority's conclusion. A statute enacted by the General Assembly of this state, which is presumed to be constitutional and whose constitutional infirmity must be shown beyond a reasonable doubt, should not be struck down in summary fashion.

In *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), the Court analyzed a similar statutory authorization for warrantless seizures. In noting that the liquor industry had historically been subject to close governmental regulation, the *Colonnade* Court found the basis for an exception to the warrant requirement in two factors: (1) indications that licensing inspections were not always to be measured by the warrant requirement, *see Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), and (2) the promulgation by legislative authority of standards *specifically regulating the procedures and scope* of the inspection power. *See Colonnade Catering Corp. v. United States, supra* ("Congress had broad authority to fashion standards of reasonableness" for administrative searches in the liquor industry context); *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (statute authorizing administrative searches was "carefully limited in time, place and scope").

While this court has recognized the historical fact that the liquor industry has long been the subject of close supervision and inspection, *see Granbery v. District Court*, 187 Colo. 316, 531 P.2d 390 (1975), the instant statute is nonetheless defective in its generality. It establishes what we would construe to be the equivalent of a probable cause requirement ("reasonable information"), but allows the warrantless intrusion into "*any place*" and, apparently, at *any time*. Likewise, the scope and purposes of such a search are left to the discretion of any officer or other person authorized by the statute. These defects leave the inspection or search in the category of the "general searches" which the Colorado and United States Constitutions have always condemned. The unlimited grant of power makes searches authorized by this statute "unreasonable." Accordingly, we need not address the full question of the role of the warrant requirement in this context.

These are the narrow and specific grounds upon which I would hold the statute unconstitutional. Broader issues are not subject to

determination in this case.

MR. JUSTICE CARRIGAN joins me in this special concurrence.