## No. 79SA556

## The People of the State of Colorado v. Peter Rodney Bannister

(607 P.2d 987)

Decided March 3, 1980.

Robert L. Russel, District Attorney, Thomas A. Barnes, Deputy, for plaintiff-appellant.

Robert M. Moyers, for defendant-appellee.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This is an interlocutory appeal by the prosecution from an order suppressing evidence seized from the defendant Peter Rodney Bannister's automobile. We affirm.

In the early morning hours of October 15, 1979, Officer Lopez of the Colorado Springs Police Department observed a 1967 Pontiac GTO automobile containing two occupants and proceeding at a high rate of speed. Before the officer could engage in pursuit, however, the vehicle disappeared from his sight. Shortly thereafter, the officer overheard a police radio dispatch which reported a theft of motor vehicle parts in the area he was patrolling. The dispatch reported that among the items stolen were a number of chrome lug nuts. The report also gave a description of the two persons suspected of the theft.

Within minutes of the report, Officer Lopez again saw the Pontiac GTO that he had attempted to pursue earlier containing the same two occupants. The vehicle entered a service station at a high rate of speed. Officer Lopez stopped the vehicle, which was driven and owned by Bannister, for the purpose of issuing a traffic citation to him.

When Officer Lopez approached the vehicle, both of the vehicle's occupants got out of the car. Officer Lopez first questioned Bannister and then looked into the Pontiac GTO where he allegedly saw chrome lug nuts in plain view in an opened glove compartment. At that time, the officer concluded that the vehicle's occupants matched the description which he had heard in the police dispatch relating to theft of motor vehicle parts. Officer Lopez arrested Bannister and the passenger, handcuffed them, and placed them in the rear seat of his police cruiser. He subsequently searched the vehicle and seized several lug wrenches and the chrome lug nuts.

Prior to his trial for theft of motor vehicle parts, Bannister moved to suppress the items seized by Officer Lopez. Relying on our decision in *People v. Neyra*, 189 Colo. 367, 540 P.2d 1077 (1975), the trial court properly granted the motion, finding that no exigent circumstances existed to justify the warrantless search.[1]

---

[1] The passenger in the Bannister vehicle was also charged with theft of motor vehicle parts and he joined with Bannister in moving for the suppression of the evidence seized by Officer Lopez. Because the passenger did not have a property interest in the vehicle and did not assert a possessory interest in the items seized, he was denied standing to challenge the seizure. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The propriety of the trial court's ruling has not been challenged on appeal. We note that this Court has not yet considered whether the standing limitations imposed by *Rakas v. Illinois, supra*, apply to suppression motions based on the provisions of Article II, section 7 of the Colorado Constitution.

One of the most fundamental rules in Fourth Amendment jurisprudence is that, subject only to a few specially established and well-delineated exceptions, searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). These exceptions have been "jealously and carefully drawn," *Jones v. United States*, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958), and they have been limited in their reach to that which is necessary to accommodate the identified needs of society. *Arkansas v. Sanders* , 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). In all cases, the burden has been squarely placed on those seeking the exemption from warrant requirements to show that there is a need for it. *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *People v. Casias*, 193 Colo. 66, 563 P.2d 926 (1977); *People v. Alexander*, 193 Colo. 27, 561 P.2d 1263 (1977).

The prosecution asserts on appeal that the warrantless search and seizure conducted by Officer Lopez was valid because the articles seized were in plain view. In *People v. Neyra*, 189 Colo. 367, 540 P.2d 1077 (1975), however, we held that, while a plain view sighting of contraband or other evidence of a crime may be sufficient to establish the requisite probable cause needed to obtain a warrant, it is not sufficient to justify a warrantless entry into a vehicle to seize evidence. *See also, People v. Hicks*, 197 Colo. 168, 590 P.2d 967 (1979); *People v. Hampton*, 196 Colo. 466, 587 P.2d 275 (1978); *People v. Railey*, 178 Colo. 297, 496 P.2d 1047 (1972). Relying on the Supreme Court's statement in the plurality opinion in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), we stated in *People v. Neyra* that:

"The limits on the [plain view] doctrine are implicit in the statement of its rationale. The first of these is that plain view *alone* is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.'"

Thus, given the finding by the trial court that no exigent circumstances existed, there was no constitutional justification for the warrantless search and seizure.[2] Indeed, as we stated in *People v. Lorio*, 190 Colo. 373, 546 P.2d 1254 (1976) "even if the evidence was in plain view, the police

---

[2] The state asserts that in *People v. Waits*, 196 Colo. 35, 580 P.2d 391 (1978) this Court did not address the issue of exigent circumstances and did not follow *People v. Neyra, supra*, insofar as it required the presence of exigent circumstances to justify a plain view search. Although we recognize that the result reached in *Waits* could be construed as rejecting the requirement of exigent circumstances, we reaffirm the rule set out in *Neyra* and disapprove any language in *Waits* to the contrary.

officers had time to secure a search warrant, and their failure to do so stripped them of lawful authority to enter the vehicle and seize the contested evidence."

Accordingly, the ruling of the trial court is affirmed.

JUSTICE ROVIRA does not participate.