**The PEOPLE of the State of Colorado,
Plaintiff–Appellant,**

v.

**Peter Rodney BANNISTER,
Defendant–Appellee.**

**No. 79SA556.**

Supreme Court of Colorado,
En Banc.

Nov. 10, 1980.

Robert L. Russel, Dist. Atty., Thomas A. Barnes, Jr., Deputy Dist. Atty., Colorado Springs, for plaintiff–appellant.

Robert M. Moyers, Colorado Springs, for defendant–appellee.

ERICKSON, Justice.

This case is again before us for proceedings not inconsistent with *Colorado v. Bannister,* —— U.S. ——, 101 S.Ct. 42, 66 L.Ed.2d 142 (1980). In *People v. Bannister,* Colo., 607 P.2d 978 (1980), we suppressed evidence seized from Peter Rodney Bannister's automobile in an attempt to comply with the directions contained in *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

The Supreme Court of the United States, in its reversal, determined that *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), provided an exception to the warrant requirement when an automobile is stopped and police have probable cause to believe it contains evidence of a crime. *Compare, Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) with *Arkansas v. Sanders, supra,* and *Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

In *People v. Bannister, supra,* we held that while a plain view sighting of contraband, or other evidence of a crime in an automobile may be sufficient to establish probable cause to obtain a warrant, the search of the automobile, and the seizure of evidence, could not be carried out without a search warrant. This determination was in accordance with our holdings in *People v. Hicks,* 197 Colo. 168, 590 P.2d 967 (1979); *People v. Hampton,* 196 Colo. 466, 587 P.2d 275 (1978); *People v. Neyra,* 189 Colo. 367, 540 P.2d 1077 (1975); and *People v. Railey,*

178 Colo. 297, 496 P.2d 1047 (1972). To the extent that those cases are inconsistent with the decision of the Supreme Court of the United States in *Colorado v. Bannister, supra,* they are overruled.[1]

Accordingly, we remand this case to the district court and now reverse the ruling of the district court which suppressed the evidence seized from defendant, Peter Rodney Bannister's automobile.

---

1. We note that the holding of *Colorado v. Bannister, supra,* is consistent with our holdings in *People v. Coulson,* 192 Colo. 53, 555 P.2d 516 (1976); *Atwood v. People,* 176 Colo. 183, 489 P.2d 1305 (1971); *People v. Olson,* 175 Colo. 140, 485 P.2d 891 (1971); and *People v. Clark,* 173 Colo. 129, 476 P.2d 5649 (1970).