**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Marcell JOHNSON, Defendant–Appellee.**

**No. 80SA130.**

Supreme Court of Colorado,
En Banc.

Dec. 22, 1980.

Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Donald Eberle, Deputy Dist. Atty., Denver, for plaintiff–appellant.

Donald A. Brenner, Denver, for defendant–appellee.

ERICKSON, Justice.

This interlocutory appeal by the prosecution is an outgrowth of an earlier interlocutory review of a suppression order in *People v. Johnson*, Colo., 605 P.2d 46 (1980). Upon remand for proceedings consistent with our decision in *People v. Johnson*, the court suppressed a revolver and scarf seized incident to the arrest and in plain view. In granting the defendant's motion to suppress, the trial court relied upon *People v. Bannister*, Colo., 607 P.2d 987 (1980), as

---

authority, and noted the absence of exigent circumstances to support the search which was justified under the plain view exception. Subsequent to the trial court's order granting the defendant's motion to suppress, the Supreme Court of the United States overruled *People v. Bannister, supra.* *Colorado v. Bannister,* —— U.S. ——, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980). *See People v. Bannister,* Colo., 619 P.2d 71 (1980).

In *People v. Bannister, supra,* we declared that while a plain view sighting of contraband or other evidence of a crime in an automobile may be sufficient to establish probable cause to obtain a warrant, the search of the automobile and the seizure of the evidence could not be carried out without a search warrant. The Supreme Court of the United States differed with our interpretation of the Fourth Amendment and declared that the decision in *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), dictated an exception to the warrant requirement when an automobile is stopped and police have probable cause to believe it contains evidence of a crime.

Under the circumstances, the trial court erred in granting the defendant's motion to suppress the scarf and revolver. Exigent circumstances are no longer necessary as a condition precedent to the seizure of evidence in an automobile when probable cause exists to arrest the occupant and the items are in plain view. *Colorado v. Bannister, supra.* Compare, *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) with *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

Accordingly, we reverse the order suppressing the scarf and revolver, and remand to the trial court for further proceedings consistent with this opinion.