STATE of South Dakota, Plaintiff and Appellee,

v.

Dennis ROBERTS, Defendant and Appellant.

No. 14972.

Supreme Court of South Dakota.

Argued Jan. 13, 1986.

Decided April 2, 1986.

Grant E. Gormley, Chief Deputy Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Bruce Ellison, Rapid City, for defendant and appellant.

MORGAN, Justice.

Dennis Roberts (Roberts) appeals from his conviction for possession of an untaxed controlled substance, SDCL 10–50A–6, and possession of a controlled substance without a license, SDCL 10–50A–4. *See* SDCL 10–50A–11. We reverse.

Roberts was arrested as a result of a controlled undercover drug buy in Lawrence County in July 1984. He was subsequently charged with five counts, alleging: (I) he distributed a controlled substance contrary to SDCL 22–42–2, (II) he did conspire to distribute a controlled substance contrary to SDCL 22–42–2 and SDCL 22–3–8, (III) he did possess as a dealer a controlled substance without having paid a tax as evidenced by a stamp or other official indicia contrary to SDCL 10–50A–6, (IV) he did possess as a dealer a controlled substance without a license to sell contrary to SDCL 10–50A–4, and (V) he did possess a controlled substance with the intent to distribute contrary to SDCL 22–42–2. Following trial, Roberts was acquitted on Counts I, II, and V, the distribution counts, but was convicted on Counts III and IV, the tax and license offenses. It is from these convictions that Roberts appeals.

In 1984, the legislature enacted SDCL ch. 10–50A entitled "Luxury Tax on Controlled Substances and Marijuana."[1] The chapter

---

1. SDCL 10–50A–4 requires a license fee of five hundred dollars for dealers in marijuana, and a fee of one thousand dollars for dealers in controlled substances. SDCL 10–50A–10 imposes a tax upon dealers at the following rates:

provides for licensing and taxing of marijuana and controlled substances upon dealers in those substances. SDCL 10–50A–4 states: "Every dealer [2] possessing any marijuana or any controlled substance on which a tax is imposed by this chapter shall obtain a license to sell marijuana and controlled substances from the department of revenue[.]" SDCL 10–50A–6 states: "No dealer may possess any marijuana or controlled substance upon which a tax is imposed by this chapter unless the tax has been paid on the marijuana or controlled substance as evidenced by a stamp or other official indicia." Violations of these sections are punishable as a Class 5 felony. SDCL 10–50A–11.

While Roberts claims Chapter 10–50A violates his constitutional rights in several respects, we deem his self-incrimination contention to be dispositive. *See* U.S. Const. Amend V. In *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court established guidelines for determining whether a regulatory or taxation system violates a defendant's right against self-incrimination. *See also Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). In *Leary, supra,* the defendant was convicted of being a transferee of marijuana without having paid the tax thereon. In reversing Leary's conviction, the Court noted that by registering and paying the tax, Leary would have subjected himself to possible incrimination, as the tax records could be supplied to other law enforcement agencies for criminal prosecutions. The Court then reiterated a three-part test first given in *Marchetti, supra,* to be used in determining whether a regulatory or taxation scheme creates a Fifth Amendment violation.

(1) On each ounce of marijuana, fifty dollars, and at a proportionate rate for any greater or lesser quantity than one ounce[.]

(2) On each ounce of controlled substance, five thousand dollars, and at a proportionate rate for any greater or lesser quantity than one ounce[.]

First, the regulated activity must be an area permeated with criminal statutes, and the regulation or tax directed toward a select group inherently suspect of criminal activities. Second, the obligation to register or pay tax must create a real and appreciable risk of self-incrimination. Third, registration or payment must prove a significant link in the chain of evidence tending to establish guilt. *Leary,* 395 U.S. at 13–14, 89 S.Ct. at 1536, 23 L.Ed.2d at 68–69; *Marchetti,* 390 U.S. at 47–48, 88 S.Ct. at 702–703, 19 L.Ed.2d at 897–98. We then examine SDCL ch. 10–50A in light of these factors. SDCL 10–50A–7 states:

> No license issued pursuant to this chapter, may authorize or in any manner provide immunity for a dealer from criminal prosecution pursuant to the laws of this state. Such prosecution may not, however, be initiated or facilitated by the disclosure of confidential information in violation of § 10–50A–15.

SDCL 10–50A–15 allows for release of return information under the provisions of SDCL 10–1–28.1 to 10–1–28.9, inclusive. SDCL 10–1–28.4 provides:

> Returns and return information may be disclosed to the following:
>
> . . . .
>
> (5) Officers, employees or legal representatives of any other state agency or department or political subdivision of the state for a civil or criminal law enforcement activity, if the head of the agency, department or political subdivision desiring such information has made a written request to the secretary specifying the particular information desired and the law enforcement activity for which the information is sought.

Thus, tax information acquired under Chapter 10–50A can be released by the

2. As used in Chapter 10–50A, dealer means any person who manufactures, produces, ships, transports or imports into this state or in any manner acquires or possesses more than two ounces of marijuana or any controlled substance upon which taxes have not been paid. SDCL 10–50A–1(3).

secretary of revenue to law enforcement officials. Through SDCL 10–50A–15, Chapter 10–50A allows for incriminating evidence to be released, and when pursuant to written request, such information is released to law enforcement officials under SDCL 10–1–28.4, prosecution may be initiated by those officials based upon return information, even though SDCL 10–50A–7 purports to eliminate just such an occurrence. We believe filing a return creates the "real and appreciable" risk of self-incrimination prohibited by *Leary, supra.*

■ We also note that the alleged purpose of Chapter 10–50A is to tax and license trade in illicit controlled substances. Under SDCL 10–50A–8, those lawfully in possession of controlled substances are exempted from the tax and licensure provisions of the chapter. Additionally, the marijuana and controlled substances subject to taxation are only those substances illegally held. SDCL 10–50A–1(1) and (2). There is no doubt the chapter is directed towards a "select group inherently suspect of criminal activities." *See Leary, supra.*

> One may put the basic issue [this] way. If the purpose of the statute is to incriminate, it is no good. If its purpose is important to the regulation of lawful activity to protect the public from harm, especially to the person ..., and only the incidental effect is occasionally to inculpate, then the statute is good....

*People v. Samuel,* 327 N.Y.S.2d 321, 328, 29 N.Y.2d 252, 262, 277 N.E.2d 381, 386 (1971).

■ We believe the clear import of Chapter 10–50A is to incriminate, and thus the chapter is unconstitutional. State asks us, however, to read the chapter in such a manner that return information will be fully confidential and thus avoid the constitutional problem. They ask us to prohibit the secretary of revenue from releasing any return information by restrictively reading SDCL 10–1–28.4. As the Court did in *Marchetti, supra,* and *Leary, supra,* we decline to do so. We believe the clear intent of Chapter 10–50A is to provide an extra penalty on possessors of controlled sub-

stances through unconstitutional means. If the legislature wishes to more harshly punish drug dealers, let them do so in a more conventional manner, such as increasing the penalties for violations of already existing narcotics laws.

"The Fifth Amendment protects individuals from ... compulsory, incriminating disclosures and provides a complete defense to prosecutions." *People v. Duleff,* 183 Colo. 213, 515 P.2d 1239, 1241 (1973). We find SDCL ch. 10–50A to be an unconstitutional infringement upon Robert's right against self-incrimination. Because of our finding on this issue, it is unnecessary to discuss the other issues raised on appeal.

Accordingly, the convictions are reversed.

FOSHEIM, C.J., WUEST, J., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs specially.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (specially concurring).

In this case, the Director of the Division of Property Taxes for the Department of Revenue was called to testify that he provided tax information to the prosecution so that it could prosecute this case. Initially, requests were made by the State's Attorney's office involved in this case to get at the State's records. Incriminating information was sought, namely, that appellant had not applied for a license to sell cocaine as a dealer or sought tax stamps to possess cocaine as a dealer. Such testimony provided a necessary element of proof to sustain a conviction under SDCL ch. 10–50A and SDCL 10–50A–6; therefore, this evidence provides "a significant 'link in a chain' of evidence tending to establish his guilt." *Marchetti v. United States,* 390 U.S. 39, 48, 88 S.Ct. 697, 703, 19 L.Ed.2d 889, 898 (1968).